The **COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION,** Complainant,

v.

**Douglas K. LINDAMAN, Respondent.**

**No. 89–1117.**

Supreme Court of Iowa.

Dec. 20, 1989.

Charles L. Harrington and Norman G. Bastemeyer, Des Moines, for complainant.

Douglas K. Lindaman, Charles City, pro se.

Considered by CARTER, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

PER CURIAM.

Douglas K. Lindaman, an attorney, appeals from the findings, conclusions, and recommendations of the Grievance Commission in this disciplinary proceeding. Lindaman pleaded guilty to two counts of lascivious acts with a child. The two charges arose from Lindaman's sexual contact with an eleven-year-old boy on two separate occasions. Lindaman was sentenced to an indeterminate term of five years on each count. The district court ordered the sentences to run consecutively. The court of appeals recently affirmed the convictions. *State v. Lindaman,* No. 9–452 (Iowa Ct.App. Nov. 27, 1989) (sentences vacated, case remanded for resentencing). On the basis of these felony convictions, the commission recommended that Lindaman's license to practice law be revoked.

At the time of the proceedings before the commission Lindaman was thirty-three years old and a resident of Charles City, Iowa. He had been in private practice since 1981 and had served for several years as a magistrate in Floyd County.

The Committee on Professional Ethics and Conduct filed a complaint against Lindaman before the grievance commission. The complaint alleged that Lindaman's conduct in connection with the two convictions violated the following provisions of the Iowa Code of Professional Responsibility for Lawyers:

DR 1–102(A)(1) (violating disciplinary rule);

DR 1–102(A)(3) (engaging in illegal conduct involving moral turpitude);

DR 1–102(A)(6) (engaging in any other conduct adversely reflecting on fitness to practice law); and

EC 1–5 (failing to refrain from all illegal and morally reprehensible conduct).

Lindaman filed an answer to the complaint, admitting the conduct that formed the basis for the two criminal charges against him.

However, Lindaman also raised two affirmative defenses in which he attempted to inject homosexuality as an issue in the proceedings. In short, Lindaman claimed that his heterosexual upbringing caused him to deny his homosexual identity since childhood. This denial, he asserts, caused him such internal turmoil and confusion that he was eventually led to commit the two acts to which he pleaded guilty.

Through several maneuvers, Lindaman persisted in his attempt to make homosexuality, and more particularly his own homosexuality, an issue. For example, he directed to the committee several interrogatories dealing with societal attitudes toward homosexuality. In response, the committee lodged relevancy objections. At the hearing before the commission Lindaman called several witnesses and attempted to question them about such attitudes. He also offered into evidence a movie that depicted how easy it is to teach prejudice to children.

Believing that homosexuality was not the issue, the commission rejected all of this proffered evidence as irrelevant, rejected Lindaman's defenses, and found that he was guilty of ethical violations as alleged by the committee. On appeal Lindaman challenges the commission's actions and raises several constitutional questions based on the homosexuality issue.

We agree with the commission that homosexuality is not an issue in these proceedings. Lindaman was charged with, and pleaded guilty to, lascivious acts with a child. *See* Iowa Code §§ 709.8, 702.5 (1989). Section 709.8 makes it unlawful for *any* person eighteen years of age or older to fondle or touch the genitals of a child for sexual gratification. Such conduct is a crime whether the perpetrator is homosexual or heterosexual. Society's views toward homosexuality are not relevant on the question whether such a crime has been committed.

Moreover, we reject Lindaman's suggestion that his inability to deal with his homosexuality somehow excuses the criminal behavior that has led to these disciplinary proceedings. We have consistently refused to excuse ethical misconduct "because of an attorney's ill health, emotional problems, or personality disorders." *Committee on Professional Ethics & Conduct v. Hoffman*, 402 N.W.2d 449, 451 (Iowa 1987). *See, also, Committee on Professional Ethics & Conduct v. Vesole*, 400 N.W.2d 591, 592 (Iowa 1987) (irresistible impulse not a defense in disciplinary proceedings); *Committee on Professional Ethics & Conduct v. Silver*, 395 N.W.2d 877, 878 (Iowa 1986) (criminal defenses of insanity and diminished responsibility not available in disciplinary cases).

We agree with the commission that Lindaman's conduct toward the child constitutes a violation of DR 1–102(A)(1), (3), (6) and EC 1–5. *See Committee on Professional Ethics & Conduct v. Tompkins*, 415 N.W.2d 620, 621 (Iowa 1987). In *Tompkins* we cited with approval this definition of "moral turpitude" in DR 1–102(A)(3):

[I]t imports an act of baseness, vileness or depravity in the duties which one person owes to another or to society in general, which is contrary to the usual, accepted and customary rule of right and duty which a person should follow.

*Tompkins*, 415 N.W.2d at 623. The legislature has deemed it so important to protect children against sexual contacts from adults that it has declared such conduct a felony. So not only is such conduct contrary to the usual and accepted mores of society, but it is also a violation of our criminal laws. Lindaman's conduct clearly meets the definition of moral turpitude in DR 1–102(A)(3).

A majority of the commission recommended revocation of Lindaman's license.

One member recommended a three-year suspension. Because we consider Lindaman's ethical violations so serious and dangerous to the public, we think any sanction less than revocation would do violence to our professional code of responsibility. Costs are assessed to Lindaman pursuant to Iowa Supreme Court Rule 118.22.

LICENSE REVOKED.