## IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,

v.

## Timothy Richard PALMER, Respondent.

### No. 97–215.

Supreme Court of Iowa.

May 21, 1997.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

Timothy R. Palmer, Springfield, IL, pro se.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

PER CURIAM.

This matter is before us for review of a report of the grievance commission of this court concerning a disciplinary complaint against a lawyer, respondent Timothy Richard Palmer. We review these matters pursuant to Court Rule 118.10 and consider anew both the facts and the appropriate discipline to be imposed. Completion of this task in the present case leads to the conclusion that respondent's license to practice law should be revoked.

The complainant board alleged that respondent, in August and September of 1994, stole two credit cards from Michelle Hutchinson and used them without her authorization to obtain funds that he used for his own purposes. This conduct resulted in respondent's indictment in the United States District Court for the Southern District of Iowa on two counts of fraudulent use of an unauthorized access device to obtain monies from a federally insured bank. These alleged crimes, codified in 18 U.S.C. § 1029(a)(2),

were both felonies. The complaint in this disciplinary proceeding alleges that, pursuant to a plea agreement with the United States attorney, respondent entered a plea of guilty to one of these felonies on condition that the other charge be dismissed. He was thus adjudged guilty of one felony offense under 18 U.S.C. § 1029(a)(2).

 Respondent was served with the complaint along with detailed requests for admissions regarding his role in the two alleged crimes. He has not answered the complaint or the requests for admissions. His failure to respond to the latter renders the requests admitted for purposes of these proceedings. A hearing on the complaint was scheduled before the grievance commission. Respondent, who was not imprisoned for his felony conviction, was notified of the time and place of that hearing and failed to appear.

Respondent's license to practice law has been temporarily suspended by this court since October 1995. The grievance commission has recommended that his license remain suspended without possibility of reinstatement for an additional five years. The commission's recommendation of a lengthy suspension rather than revocation was based on the circumstance that respondent's misdeeds did not take place in connection with his law practice.

Conviction of a felony is grounds for revocation or suspension of a lawyer's license to practice law. Iowa Code § 602.10122(1) (1993). In addition, the conduct adjudged to have occurred and admitted by virtue of the requests for admissions constitutes a violation of DR 1–102(A)(3) and (4) of the Iowa Code of Professional Responsibility for Lawyers (lawyer shall not engage in criminal conduct involving dishonesty).

In *Iowa Supreme Court Board of Professional Ethics & Conduct v. Marcucci*, 543 N.W.2d 879 (Iowa 1996), we imposed a sanction of suspension rather than revocation on a lawyer convicted of a felony not associated with the practice of law. However, in *Committee on Professional Ethics & Conduct v. Lindaman*, 449 N.W.2d 341 (Iowa 1989), we revoked an attorney's license based on felony convictions for sexual assaults unrelated to the practice of law. Similarly, in *Committee on Professional Ethics & Conduct v. Kaufman*, 515 N.W.2d 28 (Iowa 1994), and *Committee on Professional Ethics & Conduct v. Green*, 285 N.W.2d 17 (Iowa 1979), we imposed revocation sanctions on the basis that the attorneys involved were convicted of felony or aggravated misdemeanor offenses not associated with the practice of law.

Any inclination on our part to temper the sanction imposed on respondent in the present case is overborne as a result of his absolute indifference to this disciplinary proceeding. He has completely ignored the responsibilities placed upon him to cooperate therein in order that a just conclusion may be reached pursuant to an adversary process. Considered in this light and because the felony conviction at issue involved dishonesty, we conclude that a sanction of revocation is warranted. We therefore revoke the license to practice law of respondent, Timothy Richard Palmer. The costs of this proceeding are assessed against him pursuant to Court Rule 118.22.

**LICENSE REVOKED.**