**IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,**

v.

**Charles R. NAYLOR, Jr., Respondent.**

No. 00–1977.

Supreme Court of Iowa.

March 21, 2001.

Norman G. Bastemeyer and David J. Grace, Des Moines, for complainant.

Charles R. Naylor, Jr., Dubuque, pro se.

CARTER, Justice.

This matter is before us for review of a report of the Grievance Commission of this court concerning a disciplinary complaint against respondent, Charles R. Naylor, Jr. We review these matters pursuant to Court Rule 118.10 and consider anew both the facts and the appropriate discipline to be imposed. Although the Grievance Commission has recommended revocation of respondent's license to practice law, our review convinces us that a one-year suspension is a more appropriate sanction for the ethical violations found to have occurred.

The complaint against respondent alleged that, while his license was under suspension for failing to comply with the continuing legal education requirements imposed by Court Rule 123.4, he continued to place his name in the local telephone yellow pages under the listing of practicing attorneys. The facts produced by the Iowa Supreme Court Board of Professional Ethics and Conduct show that respondent's license was suspended effective November 21, 1997. The evidence further shows that while this suspension was in effect his name was listed as a practicing attorney in the yellow pages of the Dubuque telephone directory for the years 1999–2000 and 2000–2001.

The board's complaint against respondent has been met with absolute indifference on his part. He has failed to respond to the board's request for admissions, was unavailable to participate in a conference call to establish a hearing date, and did not appear at the hearing before the Grievance Commission, despite the fact that he had

been advised of the time and place of the hearing by personal service.

■ The Grievance Commission found that respondent violated Disciplinary Rules 1–102(A)(5) and 1–102(A)(6) of the Iowa Code of Professional Responsibility for Lawyers by holding himself out as practicing law while under suspension. It also found that his failure to cooperate throughout the disciplinary proceeding was itself a violation of the Code of Professional Responsibility. DR 1–102(A)(6). We are in complete agreement with the Grievance Commission's findings on these violations.

■ By a majority vote, the Grievance Commission recommended that respondent's license be revoked. We note that revocation of an attorney's license was ordered in *Iowa Supreme Court Board of Professional Ethics & Conduct v. Palmer,* 563 N.W.2d 634, 635 (Iowa 1997), in which, like the present case, the attorney approached the disciplinary proceeding with complete indifference. In *Palmer,* however, the underlying claim was far more serious than the violation asserted in the complaint against this respondent. We have recognized that lack of cooperation is itself a violation of the Code of Professional Responsibility and warrants discipline. *Comm. on Prof'l Ethics & Conduct v. Horn,* 379 N.W.2d 6, 9 (Iowa 1985). We are convinced, however, that a sanction of revocation is not justified in the present case.

Although we give respectful consideration to the recommendation of the Grievance Commission in this case, we are convinced that respondent's transgressions are best dealt with by imposing a one-year suspension with the condition that he must satisfy this court upon seeking reinstatement to the practice that his past misdeeds will not be repeated, that he has corrected the situation involving the telephone directory listing, and that he is prepared to

conduct himself as a responsible member of the bar.

We order that the license of attorney Charles R. Naylor, Jr. be suspended indefinitely with no possibility of reinstatement for one year from the date of the filing of this opinion. Upon application for reinstatement, respondent must show to this court's satisfaction that his past indifference to our disciplinary system will not be repeated, that he has corrected the situation involving the telephone directory listing, and that he is prepared to conduct himself as a responsible member of the bar. He must also show that he has fully complied with the requirements of Court Rule 123.4, which led to his prior suspension, that he has refrained from all facets of the practice of law as specified in Court Rule 118.12, and that he has met the requirements for client notification set forth in Court Rule 118.18. Costs of the disciplinary proceeding are assessed against respondent and shall be paid prior to any application for reinstatement.

**LICENSE SUSPENDED.**