# In re Jose Luis OLQUIN-Rufino, Respondent

File A79 441 486 - Orlando

*Decided March 23, 2006*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The offense of possession of child pornography in violation of section 827.071(5) of the Florida Statutes is a crime involving moral turpitude.

FOR RESPONDENT: George J. DeFabio, Esquire, Coral Gables, Florida

FOR THE DEPARTMENT OF HOMELAND SECURITY: Alexandra Rivas, Assistant Chief Counsel

BEFORE: Board Panel: HOLMES, HURWITZ, and MILLER, Board Members

HURWITZ, Board Member:

The respondent is a native and citizen of Mexico who was convicted in 2003 of possession of child pornography in violation of section 827.071(5) of the Florida Statutes. In a decision dated February 12, 2004, an Immigration Judge found that the respondent was removable and ineligible for relief on the basis of his conviction. The respondent has appealed from that decision, specifically contesting the Immigration Judge's determination that he was convicted of a crime involving moral turpitude. The appeal will be dismissed.

We have held that moral turpitude refers generally to conduct that is inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general. *Matter of Torres-Varela*, 23 I&N Dec. 78 (BIA 2001); *Matter of L-V-C-*, 22 I&N Dec. 594 (BIA 1999); *Matter of Tran,* 21 I&N Dec. 291 (BIA 1996); *Matter of Danesh*, 19 I&N Dec. 669 (BIA 1988). In determining whether a crime involves moral turpitude, the specific statute under which the conviction occurred is controlling. *See Matter of Khourn,* 21 I&N Dec. 1041 (BIA 1997); *Matter of Franklin,* 20 I&N Dec. 867 (BIA 1994). If the statute defines a crime in which turpitude necessarily inheres, then, for immigration purposes, the offense is a crime involving moral turpitude. *Matter of Short*, 20 I&N Dec. 136 (BIA 1989).

The statute in question in this case makes it unlawful for a person to "knowingly possess a photograph, motion picture, exhibition, show, representation, or other presentation which, in whole or in part, he or she

knows to include any sexual conduct by a child." Fla. Stat. Ann. § 827.071(5) (West 2003). Sexual conduct by a child is defined under Florida law as follows:

> "Sexual conduct" means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast, with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed. A mother's breast feeding of her baby does not under any circumstance constitute "sexual conduct."

Fla. Stat. Ann. § 827.071(g) (West 2003).[1]

In a case involving the production of child pornography, the United States Supreme Court stated that the sexual abuse of a child is a most serious crime and "an act repugnant to the moral instincts of a decent people." *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 244 (2002). Although this case does not address the issue of moral turpitude directly, it does recognize the serious offense to our ethics and accepted moral standards that child pornography presents. Furthermore, the language employed by the Court is similar to that which we have used when making a determination regarding moral turpitude. *See Matter of Franklin*, *supra*; *Matter of Short*, *supra*; *Matter of Danesh*, *supra*; *Matter of Flores*, 17 I&N Dec. 225 (BIA 1980). The Supreme Court has also acknowledged that child pornography is intrinsically related to the sexual abuse of children because, as a permanent record of a child's abuse, the circulation of child pornography continues to harm the child's reputation and emotional well-being. *Ashcroft v. Free Speech Coalition*, *supra*, at 244; *New York v. Ferber*, 458 U.S. 747, 759 (1982).

The primary concern of statutes banning child pornography is to lessen the harm suffered by children. *United States v. Tillmon* 195 F.3d 640, 643 (11th Cir. 1999). Sexual exploitation of children is a particularly pernicious evil. It is evident beyond all doubt that any type of sexual conduct involving a child constitutes an intrusion upon the rights of that child, whether or not the child consents. *See Schmitt v. State*, 590 So.2d 404, 410-11 (Fla. 1991).

---

[1] In *Schmitt v. State*, 590 So.2d 404 (Fla. 1991), the Florida Supreme Court found unconstitutionally overbroad that portion of the statute that criminalizes certain acts or depictions involving "actual physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is female, breast." However, the court also found that the unconstitutional portion of the statute was severable and that the remainder of the statute was therefore valid.

In light of the foregoing, we agree with the Immigration Judge that the offense of possession of child pornography is morally reprehensible and intrinsically wrong.  We therefore concur that the respondent was convicted of a crime involving moral turpitude.  Accordingly, the respondent's appeal will be dismissed.

**ORDER:**  The appeal is dismissed.