# IN THE SUPREME COURT OF IOWA

No. 107 / 07-0507

Filed September 21, 2007

**IOWA SUPREME COURT ATTORNEY
DISCIPLINARY BOARD,**

      Appellee,

vs.

**MICHAEL D. BLAZEK,**

      Appellant.

On review of the report of the Grievance Commission.

Grievance Commission reports respondent has committed ethical misconduct and recommends revocation of respondent's license to practice law. **LICENSE REVOKED.**

Michael J. Carroll of Babich, Goldman, Cashatt & Renzo, P.C., Des Moines, for appellant.

Charles L. Harrington and Teresa A. Vens, Des Moines, for appellee.

**STREIT, Justice.**

An Iowa attorney was convicted in federal court of four felonies involving sexual misconduct and children. Because he is unfit to practice law, we revoke his license.

### I. Background Facts and Prior Proceedings.

Michael Blazek was admitted to the Iowa bar in 1987. He is currently serving a 235-month sentence in a federal prison in Marion, Illinois. He was convicted on February 20, 2004 of the following felonies: (1) attempted enticement of a minor for sex, (2) traveling in interstate commerce to engage in sex with a minor, (3) receipt of visual depictions of minors engaging in sexually explicit conduct, and (4) possession of visual depictions of minors engaging in sexually explicit conduct. His conviction was affirmed on appeal. *United States v. Blazek*, 431 F.3d 1104 (8th Cir. 2005), *cert. denied*, 547 U.S. 1082, 126 S. Ct. 1800, 164 L. Ed. 2d 538 (2006). The eighth circuit court of appeals summarized the underlying facts:

> In July 2001, Blazek entered an internet "male for male" chat room from his computer in Des Moines and then sent an instant message asking "Brian" for his age and location. Brian responded that he was a 15 year old male in Chicago. Brian was in fact Inspector Dan Everett of the Chicago Police Department posing as a teenage boy to investigate internet crimes against children. Blazek and Brian discussed their respective sexual experiences. Blazek stated that he preferred "[y]ounger smooth guys" and described his sexual preferences. Blazek and Brian continued their instant message and e-mail conversations for fifteen months. At the end of May 2002, Blazek became more explicitly sexual, inviting Brian to give him a massage and suggesting it could lead to sex. In July, Blazek gave a detailed description of how he would massage Brian and said, "[s]ometimes when guys get playful they lose their clothes." In September, Blazek engaged in graphic sexual conversations, discussing oral sex and suggesting a three-way sexual encounter with one of Brian's friends.

> Blazek arranged to meet Brian on October 26 at a restaurant in Chicago. Blazek was arrested when he arrived at the restaurant from Iowa. . . . After Blazek traveled to Chicago, postal inspectors obtained a warrant, searched his apartment, and seized his computer. They found hundreds of images and movies of child pornography.

*Id.* at 1106–07.

In June 2006, the Iowa Supreme Court Attorney Disciplinary Board (Board) filed a complaint against Blazek based on these criminal convictions. The Board alleged Blazek violated Iowa Code of Professional Responsibility for Lawyers DR 1–102(A)(1) (attorney shall not violate a disciplinary rule), DR 1–102(A)(3) (attorney shall not engage in illegal conduct involving moral turpitude), and DR 1–102(A)(6) (attorney shall not engage in any other conduct that adversely reflects on the practice of law). The Commission found Blazek violated these rules and recommended revocation of his law license.

This conviction was not Blazek's first. In December 1997, he pled guilty in federal court to a felony charge of knowingly engaging in sexual contact with a child under twelve. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Blazek*, 590 N.W.2d 501, 502 (1999). That incident stemmed from a family reunion on a cruise ship where Blazek sexually assaulted his eleven-year-old nephew by fondling the boy's bare buttocks and genitals. *Id.* Blazek was sentenced to twelve months in prison followed by three years of supervised release. *Id.* Based on this incident, we suspended Blazek's law license indefinitely with no possibility of reinstatement for two years.[1] *Id.* at 504.

---

[1]Blazek's suspension ran from March 7, 1997, the date of his temporary suspension. His license was reinstated on September 2, 1999.

**II.** **Scope of Review.**

We review the findings of the Grievance Commission de novo. Iowa Ct. R. 35.10(1). We give weight to the Commission's findings but we are not bound by those findings. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. McGrath*, 713 N.W.2d 682, 695 (Iowa 2006). The Board has the burden to prove disciplinary violations by a convincing preponderance of the evidence. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. D'Angelo*, 710 N.W.2d 226, 230 (Iowa 2006). This burden is " 'less than proof beyond a reasonable doubt, but more than the preponderance standard required in the usual civil case.' " *Id.* (quoting *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Lett*, 674 N.W.2d 139, 142 (Iowa 2004)).

**III.** **Ethical Violations.**

Blazek is precluded from relitigating the findings made in the underlying criminal action which is the basis of the Board's present claim. *See* Iowa Code § 602.10122(1) (2005) (stating "[t]he record of conviction is conclusive evidence" in an attorney disciplinary action); Iowa Ct. R. 35.7(3) (allowing issue preclusion to be used by either party in a lawyer disciplinary case if certain conditions are met); *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Iversen*, 723 N.W.2d 806, 809 (Iowa 2006) (holding attorney was "barred from relitigating the issue of his criminal conduct in this disciplinary action").

We agree with the Commission Blazek's criminal misconduct violated DR 1–102(A)(1), DR 1–102(A)(3), and DR 1–102(A)(6). We have previously defined "moral turpitude" as "an act of baseness, vileness or depravity in the duties which one person owes to another or to society in general . . . ." *Comm. on Prof'l Ethics & Conduct v. Tompkins*, 415 N.W.2d 620, 623 (Iowa 1987) (citing *Comm. on Prof'l Ethics & Conduct v. Patterson*, 369 N.W.2d 798, 801 (Iowa 1985)). Certainly attempted enticement of a minor for sex and

possession of child pornography fit this definition. *See Blazek*, 590 N.W.2d at 503; *Comm. on Prof'l Ethics & Conduct v. Lindaman*, 449 N.W.2d 341, 342 (Iowa 1989). Moreover, such conduct adversely reflects on the practice of law. As the Commission stated, "[Blazek]'s conduct is an embarrassment to the bar and to our system of justice." *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Thompson*, 595 N.W.2d 132, 134 (Iowa 1999) (stating the public's confidence in our profession is lessened when a lawyer violates the law).

**IV.     Sanction.**

We now turn to the appropriate sanction to address Blazek's unethical and criminal conduct. "We consider 'the nature of the violations, protection of the public, deterrence of similar misconduct by others, the lawyer's fitness to practice, and our duty to uphold the integrity of the profession in the eyes of the public.' " *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Rickabaugh*, 728 N.W.2d 375, 381 (Iowa 2007) (quoting *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Fleming*, 602 N.W.2d 340, 342 (Iowa 1999)). We also consider both aggravating and mitigating circumstances. *Id.* "Ultimately, the form and extent of a disciplinary sanction 'must be tailored to the specific facts and circumstances of each individual case.' " *Id.* at 381–82 (quoting *Comm. on Prof'l Ethics & Conduct v. Rogers*, 313 N.W.2d 535, 537 (Iowa 1981)).

We agree with the Commission revocation is the appropriate sanction. *See* Iowa Code § 602.10122(1) (stating a felony conviction is sufficient cause for revocation or suspension). In *Lindaman*, we revoked an attorney's license after he pleaded guilty to two counts of lascivious acts with a child. *Lindaman*, 449 N.W.2d at 343. There, we found the attorney's "ethical violations so serious and dangerous to the public, we [thought] any sanction

less than revocation would do violence to our professional code of responsibility." *Id.* In Blazek's first disciplinary action, he successfully distinguished his situation from *Lindaman.* We said "Blazek has not tried to defend his improper actions and admits to the ethical violations. Further, he has taken significant steps toward rehabilitation and shows minimal risk of reoffense, unlike Lindaman." *Blazek,* 590 N.W.2d at 504.

Blazek cannot distinguish this case from *Lindaman.* He continued to prey on minor children and indulge his pedophilia after his first conviction. His behavior is reprehensible. We gave him the opportunity to redeem himself and he squandered it. He is unfit to practice law.

Blazek urges us to delay our decision regarding revocation while his post-conviction claims are pending. He claims to have a "good faith basis to request that the underlying judgment be set aside." It appears Blazek intends to argue in his request for post-conviction relief that he could not have committed the crimes of attempted enticement of a minor for sex and traveling in interstate commerce to engage in sex with a minor because the person with whom he was "chatting" online was an adult posing as a minor. *But see United States v. Helder,* 452 F.3d 751, 756 (8th Cir. 2006) (holding the crime of attempting to entice a minor to engage in illegal sexual activity does not require the intended victim to be an actual minor); *United States v. Sims,* 428 F.3d 945, 959–60 (10th Cir. 2005) (same); *United States v. Meek,* 366 F.3d 705, 717–20 (9th Cir. 2004) (same); *United States v. Root,* 296 F.3d 1222, 1227–28 (11th Cir. 2002), *cert. denied,* 537 U.S. 1176, 123 S. Ct. 1006, 154 L. Ed. 2d 921 (2003) (same); *United States v. Farner,* 251 F.3d 510, 513 (5th Cir. 2001) (same). However, even if he were successful, it still does not change the fact Blazek *intended* to entice a minor and took steps to act on that intent. Nor does it change the fact Blazek possessed hundreds

of images of child pornography. We therefore find it unnecessary to delay our decision pending the outcome of Blazek's post-conviction claims.

**V.    Conclusion.**

We revoke Blazek's license to practice law in the State of Iowa.  Costs are taxed to Blazek pursuant to Iowa Court Rule 35.25(1).

**LICENSE REVOKED.**