**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

JUAN ANDRES SANTACRUZ,
          *Defendant-Appellant.*

No. 07-55470

D.C. No.
CV-05-07633-DDP

OPINION

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted
February 10, 2009—Pasadena, California

Filed April 20, 2009

Before: Andrew J. Kleinfeld, Carlos T. Bea, and
Sandra S. Ikuta, Circuit Judges.

Per Curiam Opinion

## COUNSEL

Robert G. Berke, Esq., Berke Law Offices, Los Angeles, California, for the appellant.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Anh-Thu P. Mai, Senior Litigation Counsel, Theresa M. Healy, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Los Angeles, California, for the appellee.

## OPINION

PER CURIAM:

Juan Andres Santacruz, a native of Mexico and a naturalized United States citizen, appeals the district court's grant of partial summary judgment[1] to the government, which sought to revoke Santacruz's naturalization because he had been convicted of a crime involving moral turpitude—i.e., possession

---

[1]We ordinarily lack jurisdiction over grants of partial summary judgment because "they do not dispose of all claims." *See Cheng v. Comm'r*, 878 F.2d 306, 309 (9th Cir. 1989). We have jurisdiction here, however, because the district court's "Order Granting Plaintiff's Motion for Partial Summary Judgment" completely disposed of the case and ended the litigation by granting the government all the relief it sought. In fact, the judgment has already been executed—Santacruz has tendered his passport and naturalization certificate to the Department of Homeland Security. Therefore, while labeled a grant of partial summary judgment, the district court's order in this case is in fact a final decision over which we have jurisdiction pursuant to 28 U.S.C. § 1291.

of child pornography under 18 U.S.C. § 2252A(a)(5)(B)[2] —in the five years immediately preceding the filing of his naturalization application. We are called upon to determine whether possession of child pornography is a crime involving moral turpitude. We hold that it is, and we affirm the district court's order.

## I.

In early 2000, U.S. Customs Service officers found sixty-three nude or sexually explicit images of minors on Santacruz's personal computer. On July 30, 2001, Santacruz pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

In 1999, Santacruz had been convicted of trespassing. He applied for naturalization on March 2, 2001, and stated in his application, without elaboration, that he had been convicted of "breaking the law." On August 3, 2001—four days after pleading guilty to possessing child pornography—Santacruz, under oath, told Immigration & Naturalization Service Officer Loy Fruel that his only conviction was the 1999 trespassing conviction. Fruel approved Santacruz's application, and Santacruz was naturalized on August 17, 2001.

On October 25, 2005, the government filed a complaint to revoke Santacruz's naturalization as illegally procured. The government alleged that, during the five years before he

---

[2]"Any person who . . . knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer . . . shall be punished as provided in subsection (b)." 18 U.S.C. § 2252A(a)(5)(B).

applied for naturalization, Santacruz was not a "person of good moral character." *See* 8 U.S.C. § 1427(a). The government asserted three counts: (1) Santacruz had committed a "crime involving moral turpitude"—i.e., possession of child pornography—during the five-year period; (2) Santacruz provided false testimony under oath to Fruel; and (3) Santacruz willfully misrepresented his criminal history in his naturalization application, as amended by his testimony to Fruel. The government sought a judgment revoking Santacruz's citizenship and requiring Santacruz to surrender all indicia of citizenship to the Department of Homeland Security.

The government moved for summary judgment on Counts 1 and 3 only. On February 2, 2007, the district court granted the government's motion with respect to Count 1, holding that, as a matter of law, possession of child pornography is a crime involving moral turpitude. Because the district court's grant of summary judgment on Count 1 resulted in full relief the government sought—the revocation of Santacruz's citizenship—the district court never reached Counts 2 or 3. Santacruz timely appealed.

## II.

Santacruz contends that possession of child pornography is not a crime involving moral turpitude because 18 U.S.C. § 2252A(a)(5)(B) does not require specific intent.

**[1]** Whether possession of child pornography is a crime involving moral turpitude is an issue of first impression in this circuit.[3] Under *Navarro-Lopez v. Gonzales*, 503 F.3d 1062,

---

[3]In fact, no federal case has decided whether possession of child pornography is a crime involving moral turpitude. Three state cases have found possession of child pornography to be morally turpitudinous. *See Iowa Supreme Court Attorney Disciplinary Bd. v. Blazek*, 739 N.W.2d 67, 69 (Iowa 2007); *Chapman v. Gooden*, 974 So. 2d 972, 977 (Ala. 2007); *cf. In re Wolff*, 490 A.2d 1118, 1120 (D.C. Ct. App. 1985), *vacated*, 494

1074 (9th Cir. 2007) (en banc), to determine whether a crime involves moral turpitude we ask whether a crime is "vile, base or depraved and . . . violates societal moral standards."

**[2]** The Supreme Court has characterized sexual abuse of a minor as "an act repugnant to the moral instincts of a decent people." *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 244 (2002). Moreover, child pornography, as "permanent record of a child's abuse," causes continuing "injury to the child's reputation and well-being." *Id.* at 249. Because possession of child pornography offends conventional morality and visits continuing injury on children, it is "vile, base or depraved and . . . violates societal moral standards." *Navarro-Lopez*, 503 F.3d at 1074. Therefore, possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B) is a crime involving moral turpitude.

**[3]** The lack of a specific intent requirement in § 2252A(a)(5)(B)—which bars "knowing[ ]," as opposed to willful, possession of child pornography—does not change this result. Specific intent is not required for a crime to involve moral turpitude. *See Nicanor-Romero v. Mukasey*, 523 F.3d 992, 997 (9th Cir. 2008) (recognizing that "a crime may qualify as one of moral turpitude even if the offense is malum prohibitum or does not require the prosecution to

---

A.2d 932, *aff'd*, 511 A.2d 1047 (1986) (en banc). Similarly, the Board of Immigration Appeals has held that possession of child pornography is a crime involving moral turpitude. *See In re Olquin-Rufino*, 23 I. & N. Dec. 896, 896 (B.I.A. 2006) (interpreting Florida Statute § 827.071(5), which makes it "unlawful for any person to knowingly possess a photograph, motion picture, exhibition, show, representation, or other presentation which . . . he or she knows to include any sexual conduct by a child"). Although this circuit applies the "categorical" and "modified categorical" approaches of *Taylor v. United States*, 495 U.S. 575, 599-602 (1990), when determining whether a crime involves moral turpitude, *see Navarro-Lopez v. Gonzales*, 503 F.3d 1062, 1067 (9th Cir. 2007) (en banc), the state of "judicial decision" is nonetheless important to such a determination. *See Jordan v. De George*, 341 U.S. 223, 227 (1951).

establish specific intent"), *overruled on other grounds by Marmolejo-Campos v. Holder*, 558 F.3d 903 (9th Cir. 2009) (en banc); *Navarro-Lopez*, 503 F.3d at 1068 (not listing specific intent as an element of a crime of moral turpitude). Willful, evil intent need not be explicit in the statute if, as here, "such intent is implicit in the nature of the crime." *Gonzales-Alvarado v. INS*, 39 F.3d 245, 246 (9th Cir. 1994) (quotation marks and citation omitted).

## III.

**[4]** We hold that knowing possession of child pornography is a crime involving moral turpitude. The district court's order revoking Santacruz's naturalization is therefore **affirmed.**