**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO JAVIER MAYA ALVARADO, AKA Francisco Javier Maya, Petitioner, v. ROBERT M. WILKINSON, Acting Attorney General, Respondent. | No.  18-71348 Agency No. A206-411-107 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2021[**]
San Francisco, California

Before:  WALLACE, GOULD, and FRIEDLAND, Circuit Judges.

Francisco Maya Alvarado, a native citizen of Mexico, petitions for review of

a Board of Immigration Appeals' (Board) decision affirming an Immigration Judge's

(IJ) (collectively, the Agency) denial of his application for cancellation of removal.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

The Agency held that Maya Alvarado was ineligible for cancellation of removal because of his felony conviction for possession of child pornography, in violation of California Penal Code § 311.11(a), which it held qualifies as a crime involving moral turpitude (CIMT). We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

When the Board conducts its own review of the evidence and the law, we review the Board's decision and look to the IJ's decision for fact-finding. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We review the factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We review questions of law de novo, such as whether a crime involves moral turpitude. *Barrera-Lima v. Sessions*, 901 F.3d 1108, 1114 (9th Cir. 2018); *see also* 8 U.S.C. § 1182 (a)(2)(A)(i)(I). We apply *Skidmore* deference to the Board's case-by-case determination that a particular crime involves moral turpitude where, as here, the Board's decision is unpublished and not directly controlled by a published Board decision. *Ceron v. Holder*, 747 F.3d 773, 778 (9th Cir. 2014).

Maya Alvarado arrived in the United States in 1998. In 2014, he produced a cellphone video depicting child pornography, specifically, by filming his girlfriend's granddaughter, who was eleven or twelve years old, using the toilet so he could capture video of her buttocks and pubic areas. Maya Alvarado was captured on the

same video shortly thereafter removing his shorts as he ended the recording, even though he had previously used the restroom before recording his victim. Maya Alvarado admitted during his police interview that he produced the video and recorded it because he was curious and wanted to see the girl's body. Maya Alvarado pled *nolo contendere* to felony possession of child pornography pursuant to a plea agreement. *See* Cal. Penal Code § 311.11(a). Maya Alvarado was sentenced to one year of jail and was required to register as a sex offender, but he was released after one month.

The Department of Homeland Security issued a Notice to Appear in November 2014. Maya Alvarado conceded removability and applied for cancellation of removal, asylum, withholding of removal, and relief pursuant to the Convention Against Torture (CAT). The IJ denied Maya Alvarado's applications. The IJ held that Maya Alvarado's conviction categorically qualified as a CIMT based on analogous Board precedent. The IJ also held that the petty offense exception did not apply even though Maya Alvarado was only imprisoned for a month because he had been sentenced to a year. The Board agreed. The Board reviewed the statutory language, employed the categorical approach, and considered related precedent.

The Board reasoned that its precedents supported the conclusion that Maya Alvarado "engaged in sufficiently base and vile conduct under the statute of

3

conviction to conclude that his crime was one involving moral turpitude." *See, e.g., Matter of Olquin-Rufino*, 23 I. & N. 896, 898 (B.I.A. 2006) (analyzing a Florida statute with a similar definition of sexual conduct in relation to child pornography, in which the Board held that "the offense of possession of child pornography is morally reprehensible and intrinsically wrong"). The Board held that the "knowing" requirement in Section 311.11(a) satisfied the culpable mental state requirement and that the statute's minimum required conduct is sufficiently reprehensible to warrant designation as a CIMT. Maya Alvarado appeals from the Board's CIMT decision, but he does not appeal from the denial of his applications for asylum, withholding of removal, or CAT status.

There is a two-step process to determine whether a petitioner's conviction is categorically a CIMT. *Betansos v. Barr*, 928 F.3d 1133, 1137 (9th Cir. 2019); *see also Ortega-Lopez v. Barr*, 978 F.3d 680, 684 (9th Cir. 2020). First, we identify the statutory elements of the conviction. *Betansos*, 928 F.3d at 1137. Second, we engage in the categorical approach and compare the state statute's elements to a generic definition of the crime to decide whether the conviction meets that definition. *Id.* In so doing, "[w]e rely on our own generalized definition of moral turpitude, which divides almost all CIMTs into two basic types: those involving fraud and those involving grave acts of baseness or depravity." *Id.* (citation omitted).

4

The meaning of "moral turpitude" is ambiguous, but the Board has defined a CIMT as having "two essential elements: [1] reprehensible conduct and [2] a culpable mental state." *Matter of Silva-Trevino*, 26 I. & N. Dec. 826, 834 (B.I.A. 2016). Conduct is reprehensible if it is "inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general." *Matter of Jimenez-Cedillo*, 27 I. & N. Dec. 1, 3 (B.I.A. 2017) (citation omitted). Maya Alvarado carries the burden to prove that he is eligible for cancellation of removal. *See Rendon v. Mukasey*, 520 F.3d 967, 973 (9th Cir. 2008)

Section 311.11(a) of the California Penal Code criminalizes knowing possession or control of "any matter . . . which involves the use of a person under 18 years of age, knowing that the matter depicts a person under 18 years of age personally engaging in or simulating sexual conduct." Cal. Penal Code § 311.11(a). Sexual conduct is broadly defined in Section 311.4, and it includes "exhibition of the genitals or pubic or rectal area for the purpose of sexual stimulation of the viewer." Cal. Penal Code § 311.4(d)(1). Section 311.11(a) sets punishment for a violation of imprisonment for up to one year, a fine of $2,500, or both.

First, Section 311.11(a)'s knowledge element applies to both possession and that the matter depicts someone under eighteen; this satisfies the scienter requirement for a CIMT. *Cf. United States v. Santacruz*, 563 F.3d 894, 897 (9th Cir. 2009) (holding that the federal child pornography statute, which has either the same

5

or a lesser mens rea requirement than Section 311.11(a), is a CIMT). Second, the least culpable conduct for which one can be convicted under Section 311.11(a) is likely still "base or vile" conduct that is "contrary to the accepted rules of morality" such that it qualifies as a CIMT. *Robles-Urrea v. Holder*, 678 F.3d 702, 708 (9th Cir. 2012) (citation omitted).

We have previously held that not all sex-based crimes involving minors are CIMTs. *See, e.g.*, *Barrera-Lima v. Sessions*, 901 F.3d 1108, 1123 (9th Cir. 2018) (holding that indecent exposure to a person under fourteen is not a CIMT because the law did not require anyone to witness the exposure or lewd intent); *Menendez v. Whitaker*, 908 F.3d 467, 472–74 (9th Cir. 2018) (holding that lewd or lascivious conduct involving a minor is not categorically a CIMT because the law did not require intent to injure or actual injury, only sexual intent). However, these cases involved criminal laws that could reach a broad array of conduct that might not actually harm a minor.

In contrast, even the least culpable conduct under Section 311.11(a) involves (1) the actual infliction of harm to (2) a protected class of victim—two factors that are relevant to whether a putative CIMT involves base or vile conduct. *See, e.g.*, *Vasquez-Valle v. Sessions*, 899 F.3d 834, 840 (9th Cir. 2018) (identifying infliction of harm and class of victim as factors in the CIMT inquiry); *Santacruz*, 563 F.3d at 897 (explaining that child pornography "causes continuing injury to the child's

6

reputation and well-being" (quotation marks omitted)).

To be sure, the definition of "sexual conduct" in Section 311.11(a) encompasses a broader range of conduct than the federal child pornography statute's definition of "sexually explicit conduct." *Chavez-Solis v. Lynch*, 803 F.3d 1004, 1012 (9th Cir. 2015) (analyzing the analogous federal statute, 18 U.S.C. § 2252(a)(4)(B)). However, we hold that possessing depictions of the broader range of sexual conduct that Section 311.11(a) captures still harms a child's reputation and well-being. *See id.* at 1008–11 (offering a comprehensive discussion of the full range of conduct prohibited by Section 311.11(a)). We have long recognized that victims of child pornography continue to suffer long into the future. *See United States v. Stevens*, 197 F.3d 1263, 1269 n.6 (9th Cir. 1999) (observing that, as long as the images of the victim in the child pornography "are in circulation, the possessors of the images continue to victimize the people depicted"). Therefore, under the categorical approach and applying *Skidmore* deference, we hold that the Board did not err in holding that Section 311.11(a) is categorically a CIMT. We, therefore, deny the petition.