NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS AUGUSTO MARES-SANCHEZ, | No. 19-72257 |
| Petitioner, | Agency No. A207-181-395 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 12, 2021**
San Francisco, California

Before: CLIFTON and FRIEDLAND, Circuit Judges, and McSHANE,*** District Judge.

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

***    The Honorable Michael J. McShane, United States District Judge for the District of Oregon, sitting by designation.

Carlos Augusto Mares-Sanchez, a citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals dismissing his appeal from the Immigration Judge's decision denying relief from cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

The BIA's factual findings and adverse credibility determinations are reviewed for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). Questions of law are reviewed de novo. *Vitug v. Holder*, 723 F.3d 1056, 1062 (9th Cir. 2013).

First, the finding that Mares-Sanchez was not "admitted" to the United States was supported by substantial evidence. Mares-Sanchez conceded that he was not admitted during the pleading stage of the proceedings. He later presented testimonial evidence that he was waved through a port of entry when he entered the United States in 2004, which would suffice to be an "admission" under *In re Quilantan*, 25 I. & N. Dec. 285, 290 (BIA 2010), for purposes of adjustment of status. The IJ did not credit this evidence, however, and the BIA affirmed the adverse credibility determination. "When, like here, the BIA issues its own decision but adopts particular parts of the IJ's reasoning, we review both decisions. . . . In conducting our review, we examine the reasons explicitly identified by the BIA and the reasoning articulated in the IJ's oral decision in support of those

2

reasons." *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020) (quotation marks and citations omitted). The BIA described the IJ's credibility analysis as "thorough" and "well-reasoned," and the BIA noted that, "[a]s the [IJ] found," the testimony describing Mares-Sanchez's alleged *Quinlantan* entry was "implausible, and insufficiently supported by independent corroborating evidence."

"[O]nly the most extraordinary circumstances will justify overturning an adverse credibility determination." *Jin v. Holder*, 748 F.3d 959, 964 (9th Cir. 2014) (quoting *Shrestha*, 590 F.3d at 1041). No such circumstances are present here. The agency offered "specific and cogent reasons" in support of its adverse credibility determination, including the implausibility of Mares-Sanchez's account as well as a lack of objective corroborating evidence. *Iman*, 972 F.3d at 1064.

Second, the agency correctly concluded that Mares-Sanchez is statutorily ineligible for cancellation of removal based on his conviction of a crime involving moral turpitude ("CIMT"). The Attorney General may cancel removal if the applicant proves that the four conditions set forth in 8 U.S.C. § 1229b(b)(1) are met. *See* 8 U.S.C. § 1229a(c)(4)(A) (placing the burden of proof on applicant for relief from removal). The agency held that Mares-Sanchez failed to prove, inter alia, that "[the applicant] has not been convicted of [one of several enumerated offenses, including a CIMT.]" 8 U.S.C. § 1229b(b)(1)(C).

The agency rightly concluded that possession of child pornography under California Penal Code § 311.11(a) is categorically a CIMT.

> "The determination whether a conviction under a criminal statute is categorically a crime of moral turpitude involves two steps . . . ." *Castrijon-Garcia v. Holder*, 704 F.3d 1205, 1208 (9th Cir.2013) (internal quotation marks and brackets omitted). "The first step is to identify the elements of the statute of conviction." *Id.* Because the BIA lacks expertise in identifying the elements of state statutes, we review the first step de novo. *Id.* "The second step is to compare the elements of the statute of conviction to the generic definition of a crime of moral turpitude and decide whether the conviction meets that definition." *Id.* Because the BIA has expertise in that task, we defer to its conclusion if warranted, following the *Chevron* framework if the decision is published or directly controlled by a published decision, and otherwise following the *Skidmore* framework. *Id.*

*Ceron v. Holder*, 747 F.3d 773, 778 (9th Cir. 2014) (en banc).

Mares-Sanchez was convicted under California Penal Code § 311.11(a), which provides:

> Every person who knowingly possesses or controls any matter . . . the production of which involves the use of a person under 18 years of age, knowing that the matter depicts a person under 18 years of age personally engaging in or simulating sexual conduct, as defined in subdivision (d) of Section 311.4, is guilty of a felony. . . .

Section 311.4(d)(1) in turn defines "sexual conduct":

> "[S]exual conduct" means any of the following, whether actual or simulated: sexual intercourse, oral copulation, anal intercourse, anal oral copulation, masturbation, bestiality, sexual sadism, sexual masochism, penetration of the vagina or rectum by any object in a lewd or lascivious manner, exhibition of the genitals or pubic or rectal area for the purpose of sexual stimulation of the viewer, any lewd or

4

lascivious sexual act . . ., or excretory functions performed in a lewd or lascivious manner . . . .

"Although the INA does not define '[CIMT],' courts and the BIA have generally defined this term as comprising crimes that are 'inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general.'" *Robles-Urrea v. Holder*, 678 F.3d 702, 708 (9th Cir. 2012) (citation omitted). In *United States v. Santacruz*, 563 F.3d 894 (9th Cir. 2009) (per curiam), we held the federal statute criminalizing knowing possession of child pornography was a CIMT. *Id.* at 897. "Because possession of child pornography offends conventional morality and visits continuing injury on children, it is 'vile, base or depraved and . . . violates societal moral standards.'" *Id.* (ellipsis in original) (quoting *Navarro–Lopez v. Gonzales*, 503 F.3d 1063, 1074 (9th Cir. 2007) (en banc)). *Santacruz* also addressed whether a "knowing" scienter reached the level of culpability required for a CIMT, concluding it did. *Id.* ("Willful, evil intent need not be explicit in the statute if, as here, such intent is implicit in the nature of the crime." (quotation marks and citation omitted)). In addition to *Santacruz*, the agency here relied on *In re Olquin-Rufino*, 23 I. & N. Dec. 896 (BIA 2006), in which the BIA held Florida's possession of child pornography statute, which prohibited "knowingly possess[ing]" any image that the possessor "knows to include any sexual conduct by a child," to be a CIMT. *Id.*

5

at 896–97 (quotation marks and citation omitted). Per the BIA, "[s]exual exploitation of children is a particularly pernicious evil," and child pornography "is intrinsically related to the sexual abuse of children." *Id.* at 897.

The conduct to which California Penal Code § 311.11(a) likely would be applied does not meaningfully differ from the knowing possession of child pornography prohibited by the statutes considered in *Santacruz* and *Olquin-Rufino*. Mares-Sanchez attempts to distinguish those cases insofar as the broad definition of "sexual conduct" in California criminalizes more, and less serious, conduct than under federal or Florida law. While California's definition of "sexual conduct" is, in fact, broader than that of the federal statute, *see Chavez-Solis v. Lynch*, 803 F.3d 1004, 1008 (9th Cir. 2015), Mares-Sanchez has failed to demonstrate a "realistic probability . . . that the State would apply its statute to conduct" that is not morally turpitudinous, *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). Thus, possession of child pornography prosecuted under California Penal Code § 311.11(a) "offends conventional morality and visits continuing injury on children," and it is categorically a CIMT. *Santacruz*, 563 F.3d at 897. Mares-Sanchez's conviction for possession of child pornography therefore renders him statutorily ineligible for removal. 8 U.S.C. § 1229b(b)(1)(C).

**PETITION FOR REVIEW DENIED.**