# IN THE COURT OF APPEALS OF IOWA

No. 22-1032
Filed April 12, 2023

**DOUGLAS KENT LINDAMAN,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Mitchell County, Rustin T. Davenport, Judge.

An applicant appeals the denial of his third postconviction-relief application.
**AFFIRMED.**

Douglas K. Lindaman, Charles City, self-represented appellant.

Brenna Bird, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee State.

Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

Douglas Lindaman, a former attorney[1], was convicted in 1988 after pleading guilty to two counts of lascivious acts with a child. The convictions were premised on sexual acts Lindaman engaged in with an eleven-year-old boy. He served two consecutive five-year terms in prison. His conviction was upheld on direct appeal, and two prior postconviction-relief (PCR) applications—one in 1991 and the other in 1997—were denied.[2] Lindamen filed a third PCR application on March 12, 2021, which was denied.

Lindaman now appeals the denial of his third PCR application. According to his appellate brief:

> Lindaman outlined a claim of actual innocence pertaining to health care, like the treatment for ego-dystonic homosexuality, (similar to involuntary intoxication) based upon: (A) the Privileges and Immunities Clause of art. I, section 6, Iowa constitution as to accessing health care; (B) pursuing and obtaining safety and happiness in art. I, section 1, Iowa constitution as to accessing health care; (C) psychological torture under the 8th amendment to the U.S. constitution and art. I, section 17 to the Iowa constitution by denial of access to health care.

He further alleges his direct appeal and first PCR should be considered void because he lacked an attorney in each instance after electing to proceed pro se. And he believes "Iowa's legal officials traditionally live in a litigation bubble of

---

[1] Lindaman's law license was revoked in 1989. *See Comm. on Pro. Ethics & Conduct of the Iowa State Bar Ass'n v. Lindaman*, 449 N.W.2d 341 (Iowa 1989).
[2] This court reversed Lindaman's sentence on direct appeal because the district court considered unproven allegations of criminal acts. *State v. Lindaman*, No. 88-1756 (Iowa Ct. App. Nov. 27, 1989). Both dismissals of prior PCR applications were affirmed by this court. *Lindaman v. State*, No. 91-0737 (Iowa Ct. App. Mar. 24, 1992); *Lindaman v. State,* No. 97-724 (Iowa Ct. App. Mar. 27, 1998).

discrimination and denial as to equal protection analysis over privileges and immunities for gay sex offenders."

We determine Lindaman's claims are untimely. A PCR application "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3 (2021). Lindaman's judgment was final in 1988—he is well past the three-year time-bar. As a result, his claims are time-barred.

That said, the "limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." *Id.* Lindaman asserts that *Schmidt v. State*, which recognized a right to bring a freestanding actual innocence claim to challenge a conviction based on a plea agreement, is a new ground of law that resets the three-year period. 909 N.W.2d 778, 795 (Iowa 2018). But Lindaman is not actually raising an actual innocence claim. Actual innocence claims are premised on the applicant "claiming he or she is factually and actually innocent." *Id.* at 797. Here, Lindaman's claim is one "*pertaining to health care*"— he asserts the sex offender treatment program (SOTP) discriminates against gay offenders. (Emphasis added.) But challenging the SOTP does nothing to undermine the factual basis for Lindaman's conviction. Lindaman does not allege factual and actual innocence. In fact, he admits to having committed the act. Therefore *Schmidt* does not act as a new ground of law for time-bar purposes.

To the extent Lindaman's argument could be interpreted as an actual innocence claim based on his assertions that he was involuntarily intoxicated at the time of the offense due to "ego-dystonic homosexuality," his claim is still time-barred by section 822.3. "We have found *Schmidt* does not apply to overcome the

statute of limitations where the evidence put forward to support a claim of actual innocence was available to the applicant or could have been discovered with due diligence within the limitations period." *Quinn v. State*, 954 N.W.2d 75, 77 (Iowa Ct. App. 2020). Lindaman raised the issue of his mental state related to "ego-dystonic homosexuality" in his first PCR application in 1991—within the three-year time frame from when judgement was final. The facts Lindaman relies on to support his actual innocence claim were available to him within the section 822.3 timeframe and cannot be used to circumvent the time-bar.[3]

Because Lindaman's application is time-barred by the three-year statutory limit imposed by section 822.3, we affirm the district court's denial of Lindaman's PCR application.

**AFFIRMED.**

---

[3] Lindaman's claims are also barred under section 822.8. Because his claims have been raised in prior proceedings, they may not be the basis for later applications. *See* Iowa Code § 822.8.