**Dario Fidel ARMIJO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–73436.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2007.

Filed Jan. 4, 2008.

**512**

R. Wayne McMillan, Esq., Pasadena, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, District Counsel, Office of the District Chief Counsel, Phoenix, AZ, Carol Federighi, Esq., Thankful T. Vanderstar, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, PAEZ, and BYBEE, Circuit Judges.

### MEMORANDUM *

Dario Fidel Armijo petitions for review of a Board of Immigration Appeals ("BIA") order finding him deportable as an aggravated felon on the basis of his 1999 California conviction for possession of child pornography. We have jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252. For the reasons that follow, we deny the petition.

Armijo was charged with being removable under section 237 of the Immigration and Naturalization Act ("INA"), codified at 8 U.S.C. § 1227, which provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). For the purposes of § 237, "an aggravated felony" is defined to include "an offense described in section 2251, 2251A, or 2252 of Title 18 (relating to child pornography)." 8 U.S.C. § 1101(a)(43)(I) (INA section 101(a)(43)(I)). Armijo does not dispute that, on March 9, 1999, he pled nolo contendere to possession of child pornography in violation of California Penal Code ("CPC") section 311.11(a). The BIA found that a conviction under CPC section 311.11(a) was an aggravated felony for the purposes of INA § 237 because it is "described in" both 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2252(a)(4)(B). We agree with the BIA that a conviction for possession of child pornography under CPC section 311.11(a) is "described in" 18 U.S.C. § 2252(a)(4)(B), which prohibits possession of visual depictions of minors engaging in sexually explicit conduct.[1]

Under the categorical approach outlined in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), we "compare the elements of the statute under which the person was convicted to the definition of aggravated felony in § 1101(a)(43)." *Martinez–Perez v. Gonzales,* 417 F.3d 1022, 1025 (9th Cir.2005). Doing so, we agree with the BIA that the essential elements of CPC section 311.11 and those of 18 U.S.C. § 2252(a)(4)(B) are the same. Both statutes proscribe the knowing possession of a visual depiction of a minor engaging in sexual conduct. *See* CPC § 311.11(a) (1999); 18 U.S.C. § 2252(a)(4)(B); *see also* CPC § 311(h)

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because we conclude that the state offense is described in § 2252(a)(4)(B), we need not address whether the state offense is also described in § 2252(a)(2), which prohibits the *receipt* of visual depictions of minors engaging in sexually explicit conduct.

(1999) (limiting state law to "visual" depictions). Moreover, both statutes require that the production of the visual depiction at issue involved an actual minor engaging in sexual conduct, and that the defendant knew that the depiction was of a minor engaging in sexual conduct. *See* CPC § 311.11(a) (1999); 18 U.S.C. § 2252(a)(4)(B); *see also United States v. Lacy,* 119 F.3d 742, 747 (9th Cir.1997).[2]

Although the federal statute uses the term "sexually explicit conduct," while the state statute uses the term "sexual conduct," there is no meaningful distinction between the statutory definitions of the two terms. *Compare* CPC § 311.4(d)(1) (1999) (defining "sexual conduct"), *with* 18 U.S.C. § 2256(2)(A) (defining "sexually explicit conduct"). At oral argument, Armijo argued that the state definition was broader than the federal definition because the state definition covered a minor "engaging in or *simulating* sexual conduct." CPC § 311.11(a) (1999) (emphasis added). However, it is clear that the federal definition also covers "actual or simulated" conduct. 18 U.S.C. § 2256(2)(A). In fact, the only difference of note between the two statutes is that the federal statute contains a jurisdictional element,[3] and the mere presence of a jurisdictional element does not render a federal statute broader than a state statute for purposes of the aggravat-

ed felony analysis. *See United States v. Castillo–Rivera,* 244 F.3d 1020, 1024 (9th Cir.2001); *In re Vasquez–Muniz,* 23 I. & N. Dec. 207, 211 (BIA 2002) (en banc).

Relying on *United States v. McCoy,* 323 F.3d 1114 (9th Cir.2003), Armijo argues that there is an additional element in the federal statute that is not present in the state statute—the element of "intent to distribute [the visual depictions in question] for economic or commercial use." However, notwithstanding Armijo's protestations to the contrary, we conclude that *McCoy* merely engaged in an extended discussion of § 2254(a)(4)'s jurisdictional element; it did not, as Armijo argues, create an additional, non-jurisdictional element involving "commercial or exploitative intent." The requirement that a visual depiction must be "intended for interstate distribution, or for any economic or commercial use," *McCoy,* 323 F.3d at 1115, was mentioned solely in the context of the court's discussion of whether the jurisdictional element of the federal statute had been met. *McCoy* did not purport to create a new, independent element of the § 2252(a)(4)(B) possession crime; it merely explained that a showing of "intent to distribute for economic or commercial use" was one way to establish a Commerce Clause nexus for the purpose of proving

**2.** The requirement that the depiction portray *actual* minors provides the distinction between 18 U.S.C. § 2252 and 18 U.S.C. § 2252A. The latter prohibits possession of "child pornography," including depictions of both actual and 'virtual' minors. *See* 18 U.S.C. § 2256(8) (defining "child pornography" under § 2252A to include depictions that do not portray actual minors but are "indistinguishable from" depictions of actual minors); *see also* Child Pornography Prevention Act of 1996, Pub.L. 104–208 § 121 (enacting § 2252A and § 2256(8)).

For this reason, there is no merit in Armijo's argument that CPC section 311.11(a) is not an aggravated felony because it is more

akin to the "simple possession" offense described in 18 U.S.C. § 2252A than to the offense defined in 18 U.S.C. § 2252(a)(4)(B). As noted above, § 2252A is not distinguished from § 2252 because it prohibits "simple" possession, but because it covers 'virtual' child pornography and thus prohibits possession of a broader range of material than § 2252.

**3.** *See* 18 U.S.C. § 2252(a)(4)(B) (requiring that the visual depiction "has been mailed, or has been shipped or transported in interstate or foreign commerce, or ... was produced using materials which have been mailed or so shipped or transported").

the statute's jurisdictional element. *See McCoy*, 323 F.3d at 1115, 1120. The cited discussion in *McCoy* is therefore inapposite because, as noted above, a jurisdictional element in a federal statute has no application to the present analysis.[4]

Armijo also states that "it is notable" that a first offense under section 311.11 is (or was, in 1999) a misdemeanor under state law. A state misdemeanor crime, however, may nevertheless be considered an aggravated felony under the INA if the state crime otherwise falls within the INA definition, as is the case here. *See, e.g., Afridi v. Gonzales*, 442 F.3d 1212, 1217 n. 2 (9th Cir.2006).

In sum, disregarding the jurisdictional element of 18 U.S.C. § 2252(a)(4)(B), the elements of the state crime and the federal crime match, and CPC section 311.11(a) is therefore an offense "described in" 18 U.S.C. § 2252. Thus, the BIA did not err in finding that Armijo had been convicted of an aggravated felony. Given our affirmance of the BIA's aggravated felony finding, we need not address whether the IJ found Armijo removable on the basis of having been convicted of two crimes involving moral turpitude.

PETITION FOR REVIEW DENIED.

---

**4.** Because Armijo's argument under *McCoy* fails on its own terms, we need not address the government's contention that *McCoy* is no longer good law after *Gonzales v. Raich*, 545 U.S. 1, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005).