**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR CHAVEZ-SOLIS, *Petitioner*, | No. 11-73958 |
| v. | Agency No. A073-850-909 |
| LORETTA E. LYNCH, Attorney General, *Respondent*. | OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
June 4, 2015—Pasadena, California

Filed October 6, 2015

Before: Raymond C. Fisher, Jay S. Bybee,
and Carlos T. Bea, Circuit Judges.

Opinion by Judge Bybee

## SUMMARY[*]

### Immigration

The panel granted Oscar Chavez-Solis's petition for review of the Board of Immigration Appeals' decision holding that his conviction for possessing child pornography under California Penal Code § 311.11(a) is an aggravated felony under 8 U.S.C. § 1101(a)(43)(I).

The panel held that CPC § 311.11(a) is not an aggravated felony because it is categorically broader than any offense described in the federal child pornography statute. The panel also held that the modified categorical approach could not be applied because the definition of "sexual conduct" in CPC § 311.4(d) is indivisible.

### COUNSEL

Douglas Jalaie (argued), Los Angeles, California, for Petitioner.

Stuart F. Delery, Principal Deputy Assistant Attorney General; Jennifer Lightbody, Senior Litigation Counsel; Ashley Y. Martin (argued), Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

BYBEE, Circuit Judge:

We are asked to decide whether a conviction for possessing child pornography in violation of California Penal Code § 311.11(a) is an aggravated felony under 8 U.S.C. § 1101(a)(43)(I). We conclude that § 311.11(a) sweeps in a broader range of pornographic depictions than the federal child pornography statute and thus is not an aggravated felony. Accordingly, we grant the petition for review.

I

Oscar Chavez-Solis is a native and citizen of Mexico who was admitted to the United States as a lawful permanent resident in 1999. In 2011, he pleaded nolo contendere to possessing or controlling child pornography in violation of California Penal Code § 311.11(a). He was sentenced to 150 days' imprisonment.

Two months later, the Department of Homeland Security (DHS) took Chavez-Solis into custody and placed him in removal proceedings. The Notice to Appear charged Chavez-Solis with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien "convicted of an aggravated felony as defined in [8 U.S.C. § 1101(a)(43)(I)]." Section 1101(a)(43)(I) defines the term "aggravated felony" to include "an offense described in [18 U.S.C. §§] 2251, 2251A, or 2252 . . . (relating to child pornography)."

In proceedings before the Immigration Judge, DHS took the position that Penal Code § 311.11(a) is an aggravated felony under 8 U.S.C. § 1101(a)(43)(I) because it is described

in both 18 U.S.C. § 2252(a)(2) (receipt of child pornography) and § 2252(a)(4)(B) (possession of child pornography). Chavez-Solis disagreed. Pointing to the California Court of Appeal's decision in *Tecklenburg v. Appellate Division of the Superior Court*, 87 Cal. Rptr. 3d 460, 472–73 (Ct. App. 2009), he argued that, unlike federal courts applying the federal statute, California courts have held that a defendant who accesses child pornography on the Internet can be convicted under § 311.11(a) for possessing images found in his computer's temporary cache even if he is unaware of the cache.

In an oral decision, the Immigration Judge determined that Chavez-Solis's § 311.11(a) conviction constituted an aggravated felony under 8 U.S.C. § 1101(a)(43)(I). The Immigration Judge compared the statutes and reasoned that "[t]he essential elements of California Penal Code Section 311.11[(a)], as well as those under 2252(a)(4)(B) are essentially the same." Acknowledging that *Tecklenburg* construed § 311.11(a) broadly, the Immigration Judge responded, "That is exactly the point. . . . [B]oth [state and federal] statues [sic] are so broad they are virtually identical . . . ." The Immigration Judge concluded that Chavez-Solis was ineligible for adjustment of status, cancellation of removal, and voluntary departure, and ordered him removed to Mexico.

Chavez-Solis appealed to the Board of Immigration Appeals. Reviewing de novo, the Board concluded that "[t]he offense defined by section 311.11(a) . . . is 'described in' 18 U.S.C. § 2252 because the essential elements of the California offense are the same as those described by 18 U.S.C. §§ 2252(a)(2) and (a)(4)(B)." As for the *Tecklenburg* decision, the Board reasoned that the defendant

in *Tecklenburg* did "knowingly possess or control images of child pornography," and thus could have been convicted under 18 U.S.C. § 2252. The Board thus agreed with the Immigration Judge that a violation of Penal Code § 311.11(a) is an offense described in 18 U.S.C. § 2252 and accordingly dismissed the appeal.

Chavez-Solis filed a timely petition for review with this court. We have jurisdiction to review questions of law decided by the Board of Immigration Appeals, 8 U.S.C. § 1252(a)(1), (a)(2)(D), and "[w]hether an offense is an aggravated felony for removal purposes is a question of law" that we review de novo, *Chuen Piu Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011) (brackets omitted) (quoting *Morales-Alegria v. Gonzales*, 449 F.3d 1051, 1053 (9th Cir. 2006)).

II

We determine whether a state law child pornography conviction is an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(I) by applying the categorical approach outlined in *Taylor v. United States*, 495 U.S. 575 (1990). Under that approach, we "make a categorical comparison of the elements of the statute of conviction and the generic definition of an aggravated felony, as found in § 1101(a)(43)." *Aguilar-Turcios v. Holder*, 740 F.3d 1294, 1300 (9th Cir. 2014). Here, that means we must compare the elements of California Penal Code § 311.11(a) with those of 18 U.S.C. §§ 2252(a)(2) and 2252(a)(4)(B).

A

The statute of conviction here, California Penal Code § 311.11(a), punishes a person who "knowingly possesses or controls any matter, representation of information, data, or image, . . . the production of which involves the use of a person under 18 years of age, knowing that the matter depicts a person under 18 years of age personally engaging in or simulating sexual conduct." "Sexual conduct," in turn, means "actual or simulated"

> sexual intercourse, oral copulation, anal intercourse, anal oral copulation, masturbation, bestiality, sexual sadism, sexual masochism, penetration of the vagina or rectum by any object in a lewd or lascivious manner, exhibition of the genitals or pubic or rectal area for the purpose of sexual stimulation of the viewer, any lewd or lascivious sexual act as defined in Section 288, or excretory functions performed in a lewd or lascivious manner.

*Id.* § 311.4(d)(1).

The federal possession statute, 18 U.S.C. § 2252(a)(4)(B),[1] punishes a person who "knowingly possesses, or knowingly accesses with intent to view, [any] matter which contain[s] any visual depiction . . . if—(i) the producing of such visual depiction involves the use of a

---

[1] We focus our attention on 18 U.S.C. § 2252(a)(4)(B), the provision of the federal statute that, like Penal Code § 311.11(a), punishes simple possession of child pornography.

minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct."[2] Another section defines "sexually explicit conduct" as actual or simulated

> (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
>
> (ii) bestiality;
>
> (iii) masturbation;
>
> (iv) sadistic or masochistic abuse; or
>
> (v) lascivious exhibition of the genitals or pubic area of any person.

18 U.S.C. § 2256(2)(A).

The statutes overlap in many respects:

Both statutes require *knowing* possession, including knowledge that the pornography depicts a minor engaged in sexual conduct. The California statute is somewhat more clear on its face, as it uses the word "knowingly" to qualify "possesses or controls" and then again uses the word

---

[2] We omit the provision's jurisdictional element (which requires that the visual depiction be transported in interstate or foreign commerce or produced using materials transported in interstate or foreign commerce) because a mere jurisdictional element does not render a federal statute narrower than a state statute for purposes of the categorical inquiry. *See United States v. Castillo-Rivera*, 244 F.3d 1020, 1024 (9th Cir. 2001).

"knowing" with reference to the fact that an actual minor is depicted engaging in sexual conduct. The federal statute, by contrast, uses the word "knowingly" only at the beginning, suggesting that it might modify only the verbs it precedes—"possesses" and "accesses." Nevertheless, we have held that § 2252(a)(4)(B)'s scienter requirement applies to all elements of the offense: "[T]he government must show that the defendant knew that . . . the materials portrayed sexually-explicit conduct and . . . that he knew that the materials depicted minors engaged in such conduct." *United States v. Merino-Balderrama*, 146 F.3d 758, 761 (9th Cir. 1998) (citing *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 78 (1994)).

Both statutes require possession *or control*. Chavez-Solis tries to make something of the fact that the federal statute says only "possesses," not "possesses or controls" as § 311.11(a) does. But there is no legally significant distinction between these terms. We have explained that a defendant "possesses" child pornography under the federal statute if he "exercise[s] dominion and control over it." *United States v. Romm*, 455 F.3d 990, 999 (9th Cir. 2006) (citation, internal quotation marks, and brackets omitted).

Both statutes require that the matter depict an actual minor and define "minor" as a person under the age of 18. *Compare* Cal. Penal Code § 311.11(a) ("the production of [the matter] involves the use of a person under 18 years of age . . . [and] the matter depicts a person under 18 years of age personally engaging in or simulating sexual conduct") *with* 18 U.S.C. § 2252(a)(4)(B) ("the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct[] and . . . such visual depiction is of such

conduct") *and id.* § 2256(1) ("'minor' means any person under the age of eighteen years").

Finally, both statutes define sexual conduct to include much (but not all) of the same conduct. Both statutes encompass "actual" and "simulated" sexual intercourse, oral sex, anal sex, masturbation, bestiality, sexual sadism, sexual masochism, and lascivious exhibition of the genitals or pubic area. *Compare* Cal. Penal Code § 311.4(d)(1) (defining "sexual conduct") *with* 18 U.S.C. § 2256(2)(A) (defining "sexually explicit conduct").

We have previously determined that "the essential elements of [Penal Code] section 311.11 and those of 18 U.S.C. § 2252(a)(4)(B) are the same" and that there is no "meaningful distinction" between the two statutes' definitions of sexual conduct. *Armijo v. Mukasey*, 266 F. App'x 511, 512–13 (9th Cir. 2008). We must now reevaluate our prior nonprecedential conclusion in *Armijo* in light of new arguments, to which we now turn.

B

Chavez-Solis argues that § 311.11(a) prohibits depictions of a broader range of "sexual conduct" than 18 U.S.C. § 2252(a)(4)(B) prohibits. We conclude that § 311.11(a) is indeed broader in this regard. Chavez-Solis also argues that Penal Code § 311.11(a) has been applied more broadly than the federal statute in cases involving child pornography found in a computer's cache. In light of our conclusion that § 311.11(a) is categorically broader than 18 U.S.C. § 2252(a)(4)(B), we decline to address this issue.

1

Section 311.11(a)'s broader scope is readily apparent from its text. The federal definition of "sexually explicit conduct" includes only five types of conduct: (i) sexual intercourse, (ii) bestiality, (iii) masturbation, (iv) sadistic or masochistic abuse, and (v) lascivious exhibition of the genitals or pubic area. 18 U.S.C. § 2256(2)(A). California's definition of "sexual conduct" includes the same five types of conduct: "sexual intercourse, . . . masturbation, bestiality, sexual sadism, sexual masochism, . . . [and] exhibition of the genitals or pubic or rectal area for the purpose of sexual stimulation of the viewer." Cal. Penal Code § 311.4(d)(1). But the California statute does not stop there.

California's definition of "sexual conduct," unlike the federal statute, goes on to include "any lewd or lascivious sexual act as defined in Section 288." *Id.*[3] Section 288 prohibits "any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child." *Id.* § 288(a).

---

[3] California's definition of "sexual conduct" also lists "penetration of the vagina or rectum by any object in a lewd or lascivious manner" and "excretory functions performed in a lewd or lascivious manner." Cal. Penal Code § 311.4(d)(1). Although these provisions have no explicit analogue in the federal statute, both provisions may always involve "lascivious exhibition of the genitals or pubic area" as that term is used in the federal statute. We therefore focus on the definition's "lewd or lascivious sexual act" provision, which, as the text of § 288 makes clear, does not always involve exhibition of the genitals or pubic area.

Section 288 is quite broad. As the California Supreme Court has explained, "[n]othing in [§ 288] restricts the manner in which [the prohibited] contact can occur or requires that specific or intimate body parts be touched." *People v. Martinez*, 903 P.2d 1037, 1041 (Cal. 1995). "[*A*]*ny* touching of an underage child is 'lewd or lascivious' within the meaning of section 288 where it is committed for the purpose of sexual arousal." *Id.* at 1042. And, as the language of § 288 expressly states, "a touching of 'any part' of the victim's body is . . . prohibited." *Id.* at 1041 (quoting Cal. Penal Code § 288(a)).

Taken at face value, California's definition of "sexual conduct" must be quite broad too, as it explicitly encompasses the full range of conduct proscribed by § 288. *See* Cal. Penal Code § 311.4(d)(1) (definition of "sexual conduct" includes "*any* lewd or lascivious sexual act as defined in Section 288" (emphasis added)); *see also People v. Wallace*, 14 Cal. Rptr. 2d 67, 75 (Ct. App. 1992) ("Since sections 288 and 311.4 cover the same subject matter, we should construe them together so as to harmonize them, and if possible, maintain the integrity of both statutes."), *overruled on other grounds by Martinez*, 903 P.2d at 1048.

No provision of the federal statute's definition of "sexually explicit conduct" can be read to encompass "any touching" on "any part" of a child's body with the intent of arousing sexual desires. California's child pornography statute thus sweeps in depictions of a broader range of "sexual conduct" than the federal child pornography statute encompasses. On this basis, Penal Code § 311.11(a) is categorically overinclusive.

2

The government argues that Chavez-Solis has failed to show a "realistic probability," *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007), that a defendant would ever be convicted under § 311.11(a) for possessing a depiction of a lewd or lascivious sexual act as defined in § 288.  We disagree.

In *Duenas-Alvarez*, the Supreme Court clarified how courts should apply the categorical inquiry:

> [T]o find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language.  It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime.

*Id.* at 193.  One way a petitioner can show the requisite "realistic probability" of prosecution for conduct that falls outside the generic definition is to "point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues." *Id.*

But that is not the only way.  We have explained that if "a state statute explicitly defines a crime more broadly than the generic definition, no 'legal imagination' is required to hold that a realistic probability exists that the state will apply its statute to conduct that falls outside the generic definition of

the crime." *United States v. Grisel*, 488 F.3d 844, 850 (9th Cir. 2007) (en banc) (citation omitted); *see also United States v. Vidal*, 504 F.3d 1072, 1082 (9th Cir. 2007) (en banc). Accordingly, when a "state statute's greater breadth is evident from its text," a petitioner need not point to an actual case applying the statute of conviction in a nongeneric manner. *Grisel*, 488 F.3d at 850. The petitioner may simply "rely on the statutory language to establish the statute as overly inclusive." *Vidal*, 504 F.3d at 1082.

The statute of conviction here explicitly prohibits possessing depictions of a minor "engaging in or simulating sexual conduct, as defined in subdivision (d) of Section 311.4." Cal. Penal Code § 311.11(a). And § 311.4(d) explicitly includes conduct—"any lewd or lascivious sexual act as defined in Section 288"—that is neither included in nor fairly encompassed by the federal definition of "sexually explicit conduct." Under *Grisel* and *Vidal*, there is thus a "realistic probability" that California will apply § 311.11(a) to depictions that are not covered by the federal child pornography statute. Chavez-Solis has no need to point to any actual prosecution.

In any event, *People v. Wallace*, shows a reasonable probability of prosecution under § 311.4(d)'s "lewd or lascivious sexual act" prong. *See* 14 Cal. Rptr. 2d at 71. *Wallace* involved a prosecution for, among other crimes, the offense of using a minor to produce a film depicting sexual conduct in violation of Penal Code § 311.4(c). Like § 311.11(a), § 311.4(c) incorporates the definition of "sexual conduct" found in § 311.4(d). The defendant, Wallace, videotaped two teenage girls taking off their clothes in a seductive manner. One of the girls, at Wallace's urging, revealed her breasts to the camera, and both girls pulled their

bikini bottoms away from the skin to show their tanlines. *Id.* at 69–70. Based on the videotapes, a jury convicted Wallace of violating § 311.4(c). *Id.* at 68–69.

Wallace argued on appeal that there was insufficient evidence that the videos depicted "sexual conduct" within the meaning of § 311.4(d). The California Court of Appeal disagreed. Although the court determined that "the girls did not actually exhibit their genital, pubic or rectal areas," *id.* at 76, "there was credible evidence from which the jury could draw rational inferences that [the] defendant did commit two or three lewd acts on the body of the victims," *id.* at 71. For example, the court noted, the defendant encouraged the girls to expose their bodies while he filmed them and, as a result of that encouragement, "Tina exposed her breasts and Jenny pulled down a portion of her underpants." *Id.* This constituted a "lewd or lascivious touching" because, as the court explained, "the necessary touching may be done by the child victim . . . on the child's own person at the instigation of the defendant." *Id.*

Although the evidence was sufficient to convict under § 311.4(d)'s "lewd or lascivious sexual act" prong, the court ultimately reversed the § 311.4(c) conviction because it concluded that the verdict was tainted by the trial court's "any touching" jury instruction. *See id.* at 76. In the court's view, the "touching of the victims had to be lewd and lascivious, regardless of [the defendant's] specific intent." *Id.* at 75. This interpretation of § 288 was later overruled by the California Supreme Court in *People v. Martinez*, which "adhere[d] to the long-standing rule that section 288 is violated by 'any touching' of an underage child accomplished with the intent of arousing the sexual desires of either the perpetrator or the child." 903 P.2d at 1048. But *Martinez* did

nothing to cast doubt on *Wallace*'s determination that sufficient evidence established that the videotapes in question depicted a lewd or lascivious sexual act but not a lascivious exhibition of the genitals or pubic area. If anything, *Martinez* clarified that Wallace's § 311.4(c) conviction was not tainted by erroneous instructions and thus, in retrospect, should have been upheld. *Wallace* thus clearly shows a defendant can be prosecuted and convicted under California's child pornography laws based on the "lewd or lascivious sexual act" prong of § 311.4(d)'s definition of "sexual conduct."

The government contends that *Wallace* should be distinguished because it involved a § 311.4(c) prosecution, not a § 311.11(a) prosecution, and that "state courts have distinguished § 311.4(c), and other offenses that target the actual use of minors to produce images, from the simple possession offense at § 311.11(a)." But the two decisions the government identifies—*People v. Haraszewski*, 137 Cal. Rptr. 3d 641 (Ct. App. 2012), and *People v. Shields*, 131 Cal. Rptr. 3d 82 (Ct. App. 2011)—distinguished § 311.11(a) only with respect to the question of how many crimes a defendant can be charged with having committed.[4] These decisions say nothing about the meaning of "sexual conduct" in the statute, nor has the government identified any state court decision applying the term "sexual conduct" more narrowly in a possession case than in a use-of-a-minor case. On the

---

[4] *Compare People v. Manfredi*, 86 Cal. Rptr. 3d 810, 811 (Ct. App. 2008) (possession of multiple child pornography images chargeable as only one § 311.11(a) offense), *with Haraszewski*, 137 Cal. Rptr. 3d at 656 (Penal Code § 311.2(d), which proscribes the duplication of child pornography, authorizes a separate conviction for each duplication), *and Shields*, 131 Cal. Rptr. 3d at 89 (Penal Code § 311.4(c), which proscribes the use of a minor to produce child pornography, authorizes a separate conviction for each "piece of media created").

contrary, at least one California court has explained that, when interpreting § 311.4(d)'s definition of "sexual conduct," the "same principles . . . apply" with respect to a § 311.11(a) charge as to a § 311.4(c) charge. *People v. Kongs*, 37 Cal. Rptr. 2d 327, 336 (Ct. App. 1995).**[5]**

The government does not dispute that *Wallace* and this case both turn on the same definition of "sexual conduct" found in § 311.4(d). And under our precedents, that is enough to satisfy *Duenas-Alvarez*. Our decision in *Medina-Lara v. Holder*, 771 F.3d 1106 (9th Cir. 2014), is instructive. Medina argued that his statute of conviction for possessing a firearm under Penal Code § 12022(c) was categorically overinclusive because the federal generic offense had an exception for antique firearms whereas the state statute had no such explicit exception. Although Medina could not point to any antique firearm prosecutions under § 12022(c), he was able to point to antique firearm prosecutions under other California statutes that incorporated the same definition of "firearm" as § 12022(c). *Id.* at 1116. The government argued that this was insufficient to show a "realistic probability" under *Duenas-Alvarez*. *Id.*

---

**[5]** The government notes that California courts have adopted the same factors that federal courts use to determine whether an image depicts a lascivious exhibition of the genitals or pubic area. But this similarity of analysis makes sense because the California and federal statutes contain nearly identical exhibition provisions. *See Kongs*, 37 Cal. Rptr. 2d at 334 (adopting the federal *Dost* test as the test for "determining whether there has been a prohibited exhibition of a minor's genitals, pubic, or rectal area" because the California and federal statutes' exhibition provisions "mean[] the same thing"). The government has not identified any California case narrowing § 311.4(d)'s "lewd or lascivious sexual act" provision to acts that lewdly exhibit a minor's genitals or pubic area. Indeed, *Wallace* is directly to the contrary.

We agreed with Medina:

> [O]ur inquiry must focus on California's interpretation of former § 12001(b) [the provision defining "firearm"] rather than convictions based on § 12022(c). . . . It does not matter if the conduct is criminalized by former § 12021(c)(1), . . . by § 12022(c), . . .or by former § 12025(a) . . . . Because the common link . . . is the § 12001(b) definition of firearm, our analysis should center on that statute.

*Id.* Because Medina had pointed to another case applying the state statute in a nongeneric manner—even though it was a different statute that merely shared the same definition of "firearm"—we determined that "Medina's challenge easily passes the *Duenas-Alvarez* bar." *Id.*

The same is true here. *Wallace* shows that § 311.4(d) has been applied in a manner broader than the generic federal offense. It does not matter if the conduct is criminalized by § 311.11(a), by § 311.4(c), or by any other provision. Because the common link is § 311.4(d)'s definition of "sexual conduct," we focus our analysis on § 311.4(d).

Both on its face and as applied, § 311.4(d) encompasses a broader range of sexual conduct than does the definition of "sexually explicit conduct" in the federal statute. Accordingly, because § 311.4(d) is incorporated into § 311.11(a), there is a realistic probability, not just a theoretical possibility, that § 311.11(a) will be applied to conduct not described in the federal child pornography statute. Section 311.11(a) is therefore categorically broader

than any "offense described in [18 U.S.C. §§] 2251, 2251A, or 2252." 8 U.S.C. § 1101(a)(43)(I).

### III

When a petitioner's state statute of conviction is not a categorical aggravated felony, we can sometimes apply a "modified categorical approach." This test allows us to look beyond the statutory text to a limited set of documents to determine whether the petitioner was necessarily convicted of all the elements of the federal generic offense. *See Sanchez-Avalos v. Holder*, 693 F.3d 1011, 1014–15 (9th Cir. 2012), *abrogated in part by Descamps v. United States*, 133 S. Ct. 2276 (2013). This approach is available, however, only when the state statute of conviction is "divisible," meaning it "lists multiple, alternative elements, and so effectively creates several different . . . crimes." *Rendon v. Holder*, 764 F.3d 1077, 1083 (9th Cir. 2014) (alterations in original) (quoting *Descamps*, 133 S. Ct. at 2285 (internal quotation marks omitted)). The government contends that § 311.4(d)'s definition of "sexual conduct" is divisible, such that we should remand to the BIA for it to apply the modified categorical approach in the first instance.[6] We disagree and hold that § 311.11(a)'s reference to "sexual conduct" does not create different crimes, each one depending on the particular

---

[6] Invoking the Supreme Court's decision in *INS v. Ventura*, 537 U.S. 12 (2002) (per curiam), the government also argues that we should remand the case for the Board of Immigration Appeals to determine in the first instance whether the modified categorical approach should be applied. But deciding whether a state statute is divisible requires neither factual development nor agency expertise. *Ventura* is thus inapposite, and we decline to remand this issue to the Board of Immigration Appeals. *See Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132–35 (9th Cir. 2006) (en banc).

sexual conduct depicted in an alleged image of child pornography. Rather, this definition simply lists numerous ways in which an image may be considered to depict "sexual conduct" and thus qualify for the single crime of possession of child pornography.

Although § 311.4(d)'s definition of "sexual conduct" is worded in the disjunctive, the jury is not required to find that the pornographic materials portray any particular type of sexual conduct—only that the materials portray sexual conduct. *See, e.g.*, *Wallace*, 14 Cal. Rptr. 2d at 75–76 (quoting trial court's jury instructions, which stated that "[f]or the purpose of this trial, the sexual conduct means *any* of the [types of conduct listed in § 311.4(d)]" (some emphases omitted)); *People v. Ciccarelli*, No. H032864, 2009 WL 3635891, at *7 (Cal. Ct. App. Nov. 4, 2009) (holding that no unanimity instruction under § 311.11(a) was necessary because "the jury may divide or be uncertain as to the exact way defendant was guilty of the single crime of possessing child pornography"). California jury instructions reveal what common sense suggests—California juries are not required to unanimously agree on what sexual conduct appears in a particular image in order to convict a defendant of possession of child pornography. *See* Jury Instruction #33, *People v. Dillard*, No. 02SF0413, 2003 WL 24293940 (Cal. Super. Ct. June 25, 2003) (instructing the jury by giving the entire definition of "sexual conduct" from § 311.4(d) in a possession case under § 311.11(a)); Special Jury Instruction 311.11(a) #4, *People v. Melvyn*, No. 01HF0262, 2002 WL 33008958 (Cal. Super. Ct. May 7, 2002) (same).

The government's arguments to the contrary are unpersuasive. We agree that pattern jury instructions are a useful tool in assessing the divisibility of state statutes. *See*

*Rendon*, 764 F.3d at 1087 n.11. But the government reads too much into the fact that California's model jury instructions have parentheses or brackets around the laundry list of acts that qualify as sexual conduct. *See* CALJIC No. 10.83 (model jury instruction for Penal Code § 311.11(a)); CALCRIM No. 1141 (using § 311.4(d) definition of "sexual conduct" in distribution of obscene materials instruction); CALCRIM Guide, at xxvi (2015) ("When the user must choose one of two or more options in order to complete the instruction, the choice of necessary alternatives is presented in parentheses . . . . The instructions use brackets to provide optional choices that may be necessary or appropriate, depending on the individual circumstances of the case . . . . Finally, both parentheses and brackets may appear in the same sentence to indicate options that arise depending on which necessary alternatives are selected . . . ."). All the model jury instructions reveal is that at least one type of sexual conduct must be filled in so that the jury instruction will be complete. Similarly, all we really learn from the government's citation to *People v. Hachler*, No. A113880, 2007 WL 4171622, at *7 (Cal. Ct. App. Nov. 27, 2007), is the unremarkable proposition that a jury must unanimously conclude that any given image depicts a minor engaged in real or simulated sexual conduct. But this does not tell us that California juries must unanimously agree on which sexual conduct each image contains.

Section 311.4(d) is indivisible, and the modified categorical approach is thus foreclosed. *See Rendon*, 764 F.3d at 1086 (holding that a statute is divisible "[o]nly when state law requires that in order to convict the defendant the jury must unanimously agree that he committed a particular substantive offense contained within the disjunctively worded statute").

IV

We hold that Chavez-Solis's conviction under California Penal Code § 311.11(a) does not qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43)(I) and that he is therefore not removable on that basis. We **GRANT** the petition for review and **REMAND** for further proceedings consistent with this opinion.