# Matter of Jorge Isaac SANCHEZ-LOPEZ, Respondent

*Decided April 20, 2018*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The offense of stalking in violation of section 646.9 of the California Penal Code is not "a crime of stalking" under section 237(a)(2)(E)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(E)(i) (2012). *Matter of Sanchez-Lopez*, 26 I&N Dec. 71 (BIA 2012), overruled.

FOR RESPONDENT: Matthew L. Hoppock, Esquire, Overland Park, Kansas

FOR THE DEPARTMENT OF HOMELAND SECURITY: Donald W. Cassidy, Associate Legal Advisor

BEFORE: Board Panel: GUENDELSBERGER and PAULEY, Board Members. Dissenting Opinion: MALPHRUS, Board Member.

GUENDELSBERGER, Board Member:

This case is before us on remand from the United States Court of Appeals for the Ninth Circuit for further consideration of the respondent's removability under section 237(a)(2)(E)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(E)(i) (2012), as an alien convicted of a crime of stalking. The respondent's appeal will be sustained and the proceedings will be terminated.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Peru who was admitted to the United States as a lawful permanent resident in 1993. On April 19, 2011, he was convicted of stalking under section 646.9(b) of the California Penal Code.[1] Based on this conviction, the Department of Homeland Security

---

[1] Section 646.9 of the California Penal Code provides, in relevant part, as follows:

(a) Any person who willfully, maliciously, and repeatedly follows or willfully and maliciously harasses another person and who makes a credible threat with the intent to place that person in reasonable fear for his or her safety, or the safety of his or her immediate family is guilty of the crime of stalking, punishable by imprisonment in a

("DHS") initiated removal proceedings against the respondent, charging him with removability under section 237(a)(2)(E)(i) of the Act.[2] On March 31, 2012, the Immigration Judge found the respondent removable and denied his application for relief. We dismissed the respondent's appeal in *Matter of Sanchez-Lopez*, 26 I&N Dec. 71 (BIA 2012), holding that the offense of stalking in violation of section 646.9 of the California Penal Code is "a crime of stalking" under section 237(a)(2)(E)(i) of the Act.

On January 28, 2014, the Ninth Circuit granted the Government's unopposed motion to remand so that we could reconsider our holding in *Matter of Sanchez-Lopez*. On March 23, 2015, we reaffirmed our decision, concluded that the respondent's conviction is for a crime of stalking under section 237(a)(2)(E)(i), and dismissed his appeal. On June 24, 2015, the Ninth Circuit granted the Government's second unopposed motion to remand for us to further reconsider the respondent's removability.

On remand, the respondent argues that his conviction for stalking in violation of section 646.9 is not for a crime of stalking under section 237(a)(2)(E)(i) of the Act. The DHS counters that the respondent's State offense is a predicate for removal under that section of the Act.[3] After further consideration, we conclude that the respondent's conviction under section 646.9 is not for a crime of stalking under section 237(a)(2)(E)(i). We will therefore overrule *Matter of Sanchez-Lopez* and vacate our prior orders in this case to the extent that they conclude otherwise.

---

county jail for not more than one year, or by a fine of not more than one thousand dollars ($1,000), or by both that fine and imprisonment, or by imprisonment in the state prison.

(b) Any person who violates subdivision (a) when there is a temporary restraining order, injunction, or any other court order in effect prohibiting the behavior described in subdivision (a) against the same party, shall be punished by imprisonment in the state prison for two, three, or four years.

. . . .

(g) For the purposes of this section, "credible threat" means a verbal or written threat . . . made with the intent to place the person that is the target of the threat in reasonable fear for his or her safety or the safety of his or her family . . . .

[2] The DHS also charged the respondent under section 237(a)(2)(A)(iii) of the Act, as an alien convicted of an aggravated felony. However, the Immigration Judge declined to sustain that charge, which is not the subject of this appeal.

[3] The DHS made this argument in a supplemental brief, which it submitted in response to our request to both parties for supplemental briefing. Although the respondent opposes the DHS's submission of its supplemental brief, we will consider it in the exercise of our discretion. *See* 8 C.F.R. § 1003.3(c) (2017).

## II.  ANALYSIS

Section 237(a)(2)(E)(i) of the Act provides that an "alien who at any time after admission is convicted of . . . a crime of stalking . . . is deportable."  In *Matter of Sanchez-Lopez*, 26 I&N Dec. at 74, we defined the "crime of stalking" in section 237(a)(2)(E)(i) as an offense containing the following elements:  "(1) conduct that was engaged in on more than a single occasion, (2) which was directed at a specific individual, (3) with the intent to cause that individual or a member of his or her immediate family to be placed in fear of *bodily injury or death*."[4]  (Emphasis added.)  Applying this generic definition, we held that the offense of stalking under section 646.9 is categorically a "crime of stalking" under section 237(a)(2)(E)(i).

Citing *Gonzales v. Duenas-Alvarez*, 549 U.S. 183 (2007), and *United States v. Grisel*, 488 F.3d 844 (9th Cir. 2007) (en banc), the Government sought a remand in its second unopposed motion to allow us "to reconsider whether there is a 'realistic probability' that California would apply section 646.9[] to conduct" falling outside the definition of a "crime of stalking" outlined in *Matter of Sanchez-Lopez*.  More precisely, the Government asked us to reconsider whether there is a "realistic probability" that California would apply section 646.9 to conduct committed with the intent "to cause and [which] causes a victim to fear 'safety' in a non-physical sense."

According to the Supreme Court, "to find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute" there must be "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition." *Duenas-Alvarez*, 549 U.S. at 193.  The Ninth Circuit has explained that a respondent "can show the requisite 'realistic probability'" in two ways. *Chavez-Solis v. Lynch*, 803 F.3d 1004, 1009 (9th Cir. 2015).  First, he can "point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues." *Id.* (quoting *Duenas-Alvarez*, 549 U.S. at 193).  Second, "if 'a state statute explicitly defines a crime more broadly than the generic definition, no "legal imagination" is required to hold that a realistic probability exists that the state will apply its statute to conduct that falls outside the generic definition of the crime.'" *Id.* at 1009–10 (quoting *Grisel*, 488 F.3d at 850).  Thus, "when a 'state statute's greater breadth is evident from its text,' a [respondent] need

---

[4]  We also recognized that there is a fourth element involving the subjective and objective consequences of the stalker's conduct, "on which there is no clear consensus in the State statutes." *Matter of Sanchez-Lopez*, 26 I&N Dec. at 74.  However, we declined "to resolve the contours of the fourth element relating to the consequences of the conduct because" section 646.9 requires proof "that *both* the targeted individual *and* a reasonable person in the circumstances" was or would be "placed in fear of bodily injury or death." *Id.*

not point to an actual case applying the statute of conviction in a nongeneric manner. [He or she] may simply 'rely on the statutory language to establish the statute as overly inclusive.'" *Id.* at 1010 (citations omitted).

In its motion, the Government has cited California and Ninth Circuit cases in which the courts have declined to consider the victim's "fear for his or her safety or the safety of his or her family" under section 646.9 as being limited to a fear of death or bodily injury. However, our survey of California cases shows that the conduct prosecuted under section 646.9 invariably involves statements and patterns of conduct that reasonably imply an intent to cause the victim to either personally fear physical harm or fear such harm to his or her family.[5] Further, the California cases the Government cited in its motion involved situations where the totality of the circumstances surrounding the defendant's conduct implied a threat against the physical safety of the victim or his or her family.[6]

---

[5]  *See, e.g.*, *People v. Itehua*, 173 Cal. Rptr. 3d 614, 617 (Ct. App. 2014) (holding that the defendant's pattern of behavior, including his repeated visits to the victim's house without permission, was "an implied threat that invited [the victim's] resistance or escape" and thus possible injury); *People v. McPheeters*, 159 Cal. Rptr. 3d 607, 618 (Ct. App. 2013) (concluding that the defendant's threats to beat the victim up and to shoot her "implied . . . a credible threat based on defendant's violent history and his pattern of conduct"); *People v. McCray*, 67 Cal. Rptr. 2d 872, 881 (Ct. App. 1997) (finding that the defendant's pattern of past violent conduct toward the victim "tended to demonstrate both that [the defendant] was capable of inflicting physical harm upon [his victim] and that [she] would have reason to fear his threats might be carried out"); *People v. Falck*, 60 Cal. Rptr. 2d 624, 630–31 (Ct. App. 1997) (finding that the defendant's letters to the victim could "be construed as a threat to kill the victim or her husband" and "conveyed a credible threat" that gave her "cause to fear him").

[6]  *See People v. Thimmes*, No. NA076325, 2009 WL 2005598, at *4–5 (Cal. Ct. App. July 13, 2009) (concluding that the victim's fear for her own and her family's safety was reasonable where, among other things, the defendant threatened to "physically harm" her husband); *People v. Uecker*, 91 Cal. Rptr. 3d 355, 366 (Ct. App. 2009) (holding that, "[t]aken as a whole," the defendant's "pattern of unrelenting conduct over the course of three weeks that toward the end became hostile and demanding" implied "a threat that caused [the victim] to reasonably fear for her safety"); *People v. Wigfall*, No. 195789, 2006 WL 3365659, at *2–6 (Cal. Ct. App. Nov. 21, 2006) (finding that the defendant's actions— namely, following the victim to the bathroom, punching a hole in the bathroom door, physically assaulting her, and persistently threatening to evict her—implied a threat to the victim's safety); *People v. Theurer*, No. 2003010002, 2005 WL 236761, at *3–4 (Cal. Ct. App. Jan. 25, 2005) (finding that the defendant's pattern of conduct, which "consisted of harassing letters, phone calls, and visits," was "intended to cause the victim to fear for her safety"); *People v. Zavala*, 30 Cal. Rptr. 3d 398, 404 (Ct. App. 2005) (finding that the defendant's threat to kill his wife "caused [her] to reasonably fear for her safety"); *People v. Borrelli*, 91 Cal. Rptr. 2d 851, 854, 862 (Ct. App. 2000) (upholding the judgment against a stalker who threatened to kill the victim and her parents).

Nevertheless, none of these California cases definitively settles whether there is a "realistic probability" that section 646.9 would be applied to a stalking offense committed with the intention of causing a victim to fear nonphysical injury, either personally or to his or her family. We must therefore examine whether "the statutory language" of section 646.9 establishes that "the statute [is] overly inclusive." *Chavez-Solis*, 803 F.3d at 1010 (citation omitted) (internal quotation mark omitted).

In 1994, the California Legislature amended section 646.9 "to require that the target of the threat need only fear for the target's *safety* or that of his or her family while deleting any requirement that the threat be 'against the life of, or [threaten] great bodily injury to' the target." *People v. Zavala*, 30 Cal. Rptr. 3d 398, 404 (App. Ct. 2005) (emphasis added) (citation omitted). Because the Legislature explicitly replaced the specific reference to death or great bodily injury with the broader term "safety," stalking offenses committed with the intention of causing a victim to fear nonphysical injury, either personally or to his or her family, may be prosecuted in California. We therefore conclude, pursuant to Ninth Circuit law, that the statutory text of section 646.9 establishes that there is a "realistic probability" that California would apply the statute to conduct falling outside the definition of the "crime of stalking" that we outlined in *Matter of Sanchez-Lopez*. *See Chavez-Solis*, 803 F.3d at 1009–10.

In addition to being overbroad, the term "safety" in section 646.9 is "indivisible" relative to the definition of a "crime of stalking" in section 237(a)(2)(E)(i) of the Act. *See Almanza-Arenas v. Lynch*, 815 F.3d 469, 476–77 (9th Cir. 2016) (citing *Descamps v. United States*, 570 U.S. 254, 265 (2013)). As a result, we cannot resort to the record of conviction to determine whether the respondent's offense involved a threat that reasonably caused his victim to fear death or bodily injury, either personally or to her family.

Although the DHS appears to concede that stalking under section 646.9 is "overbroad" relative to the definition we outlined in *Matter of Sanchez-Lopez*, it asserts that we should broaden the definition of a "crime of stalking" under section 237(a)(2)(E)(i) of the Act to meet contemporary standards. Specifically, it argues that we should redefine the term "stalking" in the Act based on its commonly understood meaning, either in 2012 when we decided *Matter of Sanchez-Lopez*, or based on the common elements of State and Federal stalking statutes in 2017.

We recognize that the common elements of stalking have evolved since section 237(a)(2)(E)(i) was added to the Act in 1996, in that a number of States have broadened the term "stalking" to cover threats of nonphysical harm in an effort to afford greater protections to their citizens against stalkers. However, we are constrained to define offenses "based on the 'generic, contemporary meaning' of the statutory words at the time the

statute was enacted."  *Matter of Cardiel*, 25 I&N Dec. 12, 17 (BIA 2009) (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)); *see also Matter of Alvarado*, 26 I&N Dec. 895, 897 (BIA 2016).  The DHS relies on the decision of the Supreme Court in *Voisine v. United States*, 136 S. Ct. 2272, 2281 (2016), which declined "to wind the clock back" to consider the common law in discerning whether the provision at issue reached reckless acts.  But that case also looked to the legislative history and the "state-law backdrop" that existed at the time the statute was enacted.  *Id.* at 2280–82. We are therefore unpersuaded to broaden the definition of the term "stalking" under section 237(a)(2)(E) of the Act to encompass the most contemporary understanding of that offense.

Upon reconsideration, we conclude that the offense of stalking in violation of section 646.9 of the California Penal Code is not "a crime of stalking" under section 237(a)(2)(E)(i) of the Act.  We will therefore overrule our decision in *Matter of Sanchez-Lopez* and vacate all prior orders in this case to the extent they hold to the contrary.  Accordingly, because the respondent is not removable, his appeal will be sustained and the removal proceedings will be terminated.

**ORDER:**  The appeal is sustained and the removal proceedings are terminated.


*DISSENTING OPINION*:  Garry D. Malphrus, Board Member

I agree with the majority that we must look to the generic definition of "stalking" when Congress enacted section 237(a)(2)(E)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(E)(i) (Supp. II 1996).  *See Taylor v. United States*, 495 U.S. 575, 589–90, 598 (1990); *see also Matter of Alvarado*, 26 I&N Dec. 895, 897 (BIA 2016).  In that respect, I disagree with the Department of Homeland Security ("DHS") that the Board is free to adopt a generic definition without regard to the laws as they existed at the time Congress added stalking as a removable offense in 1996.  Modifying legal definitions at will based on contemporary standards would conflict with our duty to interpret statutory language consistent with congressional intent at the time of a statute's enactment.  *See Matter of Alvarado*, 26 I&N Dec. at 897.  However, I do agree with the DHS that the Board can and should define the generic definition of stalking to include the California statute at issue in this case.  Therefore, I respectfully dissent.

While the differences in language among the State statutes makes precise comparisons difficult, it appears that a majority of the States that had stalking statutes in 1996 included as the key legal standard the victim's reasonable fear of bodily or physical injury or death to himself or herself or to a family

member.  However, there was no clear consensus among the States as to the specific language and its scope.  California and other State statutes referred to a reasonable fear for one's "safety"[1] or a reasonable fear for personal or physical safety,[2] rather than a reasonable fear of bodily injury.  Many other States statutes employed a definition broader than fear of bodily injury or fear for safety that would include fear of property damage[3] or acts that would cause a reasonable person to suffer, inter alia, emotional or mental distress.[4]

I agree with the majority that a generic definition of "stalking" must have specific parameters, and I would not include all States that had stalking statutes in 1996, given the significant disparity in how stalking was defined by the various States at that time.  However, the key point for our purposes is that the generic definition that we provided in *Matter of Sanchez-Lopez*, 26 I&N Dec. 71 (BIA 2012), which was based on a fear of bodily injury or death, is not substantially different from a fear for one's safety, which some of the States, including California, have incorporated in their definition of stalking.  In my view, a reasonable fear for one's safety, which was included in several State statutes at the time Congress added stalking as a removable offense in 1996, should be part of the generic definition of stalking in section 237(a)(2)(E)(i) of the Act.

As a practical matter, the language in section 646.9 of the California Penal Code regarding the victim's "reasonable fear for his or her safety, or the safety of his or her immediate family" is not significantly different from the generic definition we adopted in *Matter of Sanchez-Lopez*.  We could and should amend that definition to include a reasonable fear for one's safety or that of a family member and thus find that section 646.9 is a categorical match to the generic definition of stalking.[5]

---

[1]  *See, e.g.*, Cal. Penal Code § 646.9 (West 1996); Colo. Rev. Stat. § 18-9-111(4) (1996); Kan. Stat. Ann. § 21-3438(a) (1996).

[2]  *See, e.g*., Conn. Gen. Stat. § 53a-181d (1996); N.H. Rev. Stat. Ann. § 633:3-a (1996); Or. Rev. Stat. § 163.732(c) (1996).

[3]  *See, e.g*., Haw. Rev. Stat. § 711-1106.5(1)(b) (1996); S.C. Code Ann. § 16-3-1700(B)(6) (1996); Tex. Penal Code Ann. § 42.071(a)(2) (West 1996); Wash. Rev. Code. § 9A.46.110(1)(b) (1996).

[4]  *See, e.g*., Ala. Code §13A-6-92(c) (1996); Fla. Stat. § 784.048(1)(a) (1996); Ind. Code 35-45-10-2 (1996); Mich. Comp. Laws § 750.411h(1) (1996); Mo. Rev. Stat. Ann. § 565.225.1(3)–.2 (1996); Mont. Code Ann. § 45-5-220(1) (1996);  Ohio Rev. Code Ann. § 2903.211(A) (West 1996); Okla. Stat. Ann. tit. 21, § 1173(F)(1) (West 1996); 18 Pa. Stat. and Cons. Stat. Ann. § 2709(b)(2) (West 1996); Utah Code Ann. § 76-5-106.5(2)(a)(ii) (West 1996); Vt. Stat. Ann. tit. 13, § 1061(1)(B) (West 1996); Wyo. Stat. Ann. § 6-2-506(a)(ii) (1996).

[5]  The definition we adopted in *Matter of Sanchez-Lopez* closely tracked the 1993 Model Anti-Stalking Code, and we did not conduct a comprehensive survey of the relevant Federal and State stalking statutes.

As the majority has correctly concluded, a survey of California cases does not show a realistic probability that a person would be prosecuted for conduct that would involve a reasonable fear for one's safety, but not a reasonable fear of bodily injury or death. *See Moncrieffe v. Holder*, 569 U.S. 184, 191, 206 (2013) (stating that to show a "realistic probability," it must be demonstrated that the State "actually prosecutes" conduct outside the generic definition of the crime). I agree with the majority that we cannot resolve the respondent's case on this ground, given the Ninth Circuit's reliance on statutory language to establish that a statute is overly inclusive, rather than on any actual cases. But the lack of a realistic probability of prosecution strongly indicates that the reasonable fear for one's safety is not substantially different from a reasonable fear of bodily injury or death, and it supports a determination that fear for one's safety should be included in the generic definition of stalking.

Since 1996, many States have revised the scope of their stalking statutes to provide greater protection for stalking victims. Congress has broadened the Federal statute in 18 U.S.C. § 2261A (Supp. II 1996), which was first enacted on September 23, 1996, and was in effect until October 27, 2000, so that it now also includes substantial emotional distress to the victim. *See* 18 U.S.C. § 2261A (Supp. IV 2017). Even under the generic definition that I would adopt, many stalking statutes may not be covered as a result of our obligation to follow the categorical approach, as most recently explained in *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016). The Federal stalking statute and the State stalking statutes that extend beyond a fear of bodily injury or safety, such as those that include an intent to cause emotional distress, will often be found to be overbroad. And, if they are indivisible, they would not be a categorical match to section 237(a)(2)(E)(i) of the Act, even if we were to adopt my proposed generic definition, which includes a reasonable fear for one's safety. However, under the definition that the majority applies today, it appears that a very small number of States will be covered going forward. And these are States that have not amended their laws to include the type of stalking conduct that 18 U.S.C. § 2261A protects victims against today. *Cf. Torres v. Lynch*, 136 S. Ct. 1619, 1628 (2016) (stating that Congress did not intend to limit the application of the aggravated felony provisions of the Act in manner that would produce "'haphazard'—indeed, upside down coverage" (citation omitted)).

As we noted in *Matter of Sanchez-Lopez*, 26 I&N Dec. at 75 n.5, there is, in fact, no claim that the respondent's conduct did not involve placing the victim in fear for her physical safety. Applying the categorical and modified categorical approaches at that time, we would not have been precluded from considering, to some degree, the factual basis for the

respondent's conviction.  *See, e.g.*, *United States v. Aguila-Montes de Oca*, 655 F.3d 915, 935 (9th Cir. 2011) (en banc), *abrogated by Descamps*, 570 U.S. 254, *and Young v. Holder*, 697 F.3d 976 (9th Cir. 2012).

The legal landscape has changed since we published our decision in *Matter of Sanchez-Lopez.*  This case illustrates the limitations of applying the categorical approach imposed by the Supreme Court in *Descamps* and *Mathis* to provisions of the immigration laws enacted by Congress for the purpose of removing aliens convicted of serious criminal conduct.  *See Matter of Chairez*, 27 I&N Dec. 21, 25–26 (BIA 2017) (Malphrus, concurring).  Under this approach, only if section 646.9 is divisible can we look to the respondent's conviction records to determine if his conduct involved an intent to cause the victim to fear death or bodily injury, as many such stalking cases do.  Because of this strict categorical approach, many statutes that have since broadened the scope of protection for stalking victims may not qualify as a categorical match to section 237(a)(2)(E)(i) of the Act.  As a result, in California and many other States, an alien who was criminally convicted of stalking an innocent victim will not be removable under the Act, even though the record makes clear that he or she committed "a crime of stalking."  It is highly unlikely that Congress intended this result.